516 P.2d 189

**Charles F. BROCK, Claimant-Appellant,**

**v.**

**CITY OF BOISE, Employer, and State Insurance Fund, Surety, Defendant-Respondent.**

**No. 11231.**

Supreme Court of Idaho.

Oct. 18, 1973.

Rehearing Denied Dec. 7, 1973.

---

Glenn A. Coughlan, Coughlan, Imhoff, Christensen & Lynch, Boise, for claimant-appellant.

Paul S. Boyd, Boise, for defendant-respondent.

McQUADE, Justice.

Claimant-appellant Charles F. Brock was employed as a fireman by Boise City from October 14, 1945, to May 1, 1972. On September 17, 1971, appellant was injured while engaged in his duties as a fireman. As a result of these injuries a claim was filed for workmen's compensation benefits, and total temporary compensation benefits at the rate of $67.00 per week were instituted. Appellant was also afforded medical treatment benefits. A total of $727.40 in temporary compensation benefits was paid, but since appellant continued to receive his regular salary during this period, he endorsed his compensation checks to Boise City.

Appellant then worked from December 13, 1971, until May 1, 1972, when he voluntarily retired pursuant to I.C. §§ 72–1411 and 72–1429B, which authorize such retirement after twenty-five years of active service. An agreement between appellant, the City of Boise and the Firemen's Insurance Fund was signed on May 2, 1972, providing for a pension in the amount of 50% of the average paid fireman's salary or wage. Firemen's retirement payments of $323.32 a month were then begun for appellant.

On June 27, 1972, the physician treating appellant rated his permanent partial disability due to the accident as 35% as compared to the loss of the leg at the hip. Pursuant to this rating, a workmen's compensation agreement between appellant, City of Boise, and the State Insurance Fund was approved by the Industrial Commission on July 12, 1972. The 35% permanent partial disability rating entitled appellant to 63 weeks at the rate of $43.00 per week amounting to $2,709.00. The State Insurance Fund paid $1,600.57 of this sum to appellant on July 14, 1972, the remain-

der to be paid in monthly payments of $186.33. Shortly after this, appellant was advised that his permanent partial disability workmen's compensation benefits would have to be deducted from his firemen's retirement benefits, and a supplemental agreement so providing was submitted to him. Beginning in August, the State Insurance Fund paid the appellant his workmen's compensation benefit check of $186.-33 a month, and the Firemen's Retirement Fund paid the appellant $136.99 a month.

At the end of August, 1972, appellant filed a Petition for Hearing with the Industrial Commission, alleging that he was entitled to full payment under both agreements. Findings and Conclusions were entered on November 22, 1972, and additional conclusions were made on November 27. The Commission ordered that respondents were entitled to deduct the workmen's compensation payments from the firemen's retirement benefits. This appeal is from the Findings, Conclusions and Order of the Industrial Commission.

Appellant makes five assignments of error, the first being that the Findings, Conclusions and Order were not based on substantial and competent evidence. The second assignment alleges that I.C. § 72–1429P does not allow a deduction like the one in this case. Thirdly, it is alleged that the Commission erred in denying that it had jurisdiction to enter orders to enforce the agreements. Fourthly, it is claimed that it was error to not hold both agreements payable in full according to their terms. Finally, appellant questions the constitutionality of I.C. § 72–1429P, if it extends to permanent partial disability benefits.

■ As authority for their actions, respondents rely on I.C. § 72–1429P, a provision of the Firemen's Retirement Fund Act, which provides:

"*Workmen's Compensation credit.*— Any fireman, widow, child or children of a fireman entitled to compensation under the Workmen's Compensation Law, shall draw benefits under this act only to the

extent that the benefits under this act exceed those to which he shall be entitled under the Workmen's Compensation Law of Idaho."

Appellant argues that this statute is unconstitutional in that it is arbitrary and capricious, and discriminates between firemen in a class.[1] The constitutionality of a provision connected with the Workmen's Compensation Act may properly be raised for the first time on appeal.[2]

The U.S. Supreme Court has held the following in the case of Reed v. Reed;[3]

"The Equal Protection Clause of that Amendment [the Fourteenth Amendment] does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S. Ct. 560, 561, 64 L.Ed. 989 (1920)."[4]

The Firemen's Retirement Fund is a part of Title 72 of the Idaho Code which governs workmen's compensation and related laws. It is the major purpose of the Workmen's Compensation Law to provide compensation to make good the loss or impairment of earning power which otherwise might fall on the worker or his family.[5] I.C. § 72–1529P does have a fair and substantial relation to the object of the

workmen's compensation and firemen's retirement legislation.

A leading treatise points out that:

"Once it is recognized that workmen's compensation is one unit in an overall system of wage-loss protection, rather than something resembling a recovery in tort or on a private accident policy, the conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed."[6]

The treatise goes on to state:

"Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds, of wages lost due to the three major causes of wage-loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage-loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit. This conclusion is inevitable, once it is recognized that workmen's compensation, unemployment compensation, nonoccupational sickness and disability insurance, and old age and survivor's insurance are all parts of a system based upon a common principle."[7]

I.C. § 72–1429P is constitutional. It is not arbitrary and capricious since it has a

---

1. Appellant points to Idaho Constitution, Art. 1, § 13, and Art. 3, § 19. Art. 1, § 13 guarantees "due process of law." Art. 3, § 19, prohibits local and special laws. Appellant also points to the Fourteenth Amendment to the U. S. Constitution.

2. See Wanke v. Ziebarth Const. Co., 69 Idaho 64, 202 P.2d 384 (1948).

3. 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

4. Id. 92 S.Ct. at 253–254.

5. See Frisk v. Garrett Freightlines, 76 Idaho 27, 276 P.2d 964 (1954); Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769 (1934).

6. 3 A. Larson, The Law of Workmen's Compensation, § 97.00 (1971).

7. Id. at § 97.10.

fair and substantial relation to the object of the workmen's compensation legislation.

I.C. § 72–1429P applies directly to the agreements here in question. The Industrial Commission properly exercised its authority in holding that § 72–1429P permitted the deduction of workmen's compensation payments from firemen's retirement benefits.[8]

Appellant argues that respondents waived application of I.C. § 72–1429P by failing to assert that statute in either of the agreements. There was no waiver here since all parties are charged with a knowledge of the statute.[9] Furthermore, there is no showing in the record of unconscionable conduct by respondents.

The record and evidence have been reviewed by this Court and no error has been found. In appeals to this Court in cases involving workmen's compensation statutes, review is limited to questions of law.[10] Here there is ample evidence to support the Commission's decision.

The order of the Industrial Commission is affirmed.

Costs to respondents.

SHEPARD and McFADDEN, JJ., concur.

DONALDSON, Chief Justice (dissenting).

I dissent. In my opinion, I.C. § 72–1429P denies the appellant his Fourteenth Amendment right to equal protection of the laws.

Lump sum payments of workmen's compensation benefits are, and were at the time of the appellant's injury, authorized under the Idaho Code. I.C. § 72–404 (effective January 1, 1972); I.C. § 72–321 (repealed effective January 1, 1972).

The major purpose of the Workmen's Compensation Law may in fact be, as the majority says, "to provide compensation to make good the loss or impairment of earning power which otherwise might fall on the worker or his family." But the obvious purpose of I.C. § 72–1429P is to prevent the payment of cumulative benefits to retired employees who have been awarded workmen's compensation benefits. In attempting to achieve this object, the legislature made certain classifications of persons. Thus, while those who receive a lump sum payment under the Workmen's Compensation Law may subsequently receive full retirement benefits, those who receive weekly workmen's compensation benefits have their retirement benefits reduced by the amount of workmen's compensation benefits they are entitled to receive.

In failing to require an offset against retirement benefits for lump sum payments previously received, while requiring such an offset for weekly benefits concurrently received, I.C. § 72–1429P violates the constitutional mandate that "all persons similarly circumstanced shall be treated alike." Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971). Under this statute, persons who sustain the same injury at the same time, who contribute the same amount to their retirement fund, and who retire at the same time are treated differently depending upon whether they were given a lump sum workmen's compensation payment or weekly benefits payable after retirement. This discrimination against weekly benefit recipients is arbitrary and unreasonable, and as such violates the equal protection clause of the

---

8. *See* I.C. § 72–707.

9. *See* Rivera v. Johnston, 71 Idaho 70, 79, 225 P.2d 858 (1950).

10. Wilson v. Carl Gilb, Inc., 94 Idaho 106, 108, 482 P.2d 81 (1971); I.C. § 72–724.

**634**

Fourteenth Amendment to the United States Constitution. As the Court in Fox v. Michigan Employment Security Commission, 379 Mich. 579, 153 N.W.2d 644, 648–649 (1967), said in discussing an analogous classification:

"We direct our attention to the above classifications * * * and consider their rationality, reasonableness and relevance to the purposes of the employment security act attempted to be accomplished by this legislation, to determine whether the distinctions are based on substantial differences and justifiable foundations which operate uniformly on all of the persons naturally in the various classes.

"We ask ourselves this question: Is there a justifiable, reasonable and substantial difference between these participants in workmen's compensation benefits who did *not* qualify for unemployment compensation benefits because they were drawing *weekly* benefits under the workmen's compensation act and those with the same disability, suffering injury at the same time, who received their workmen's compensation benefits in one *lump sum* * * * ?

"There is no substantial, rational or justifiable difference between the classes established by this amendment pertaining to the lump sum payment exception. The injury is the same; the disability is the same; the length of the incapacity is the same; and even the benefits to which the two classes are entitled are the same. Plaintiff, who falls into the classification of one receiving weekly benefits rather than having taken a lump sum settlement prior to filing for unemployment compensation benefits, is deprived of the constitutional right of equal protection of the laws since all, including this plaintiff, have not been treated alike in determining their eligibility * * *."

*See also* State ex rel. Morgan v. White, 136 Mont. 470, 348 P.2d 991 (1960).

BEEBE, D. J., concurs in the dissent.