[L.A. No. 30342. In Bank. Feb. 7, 1975.]

In re the Marriage of MICHIELE G. and DAVID D. LOEHR.
MICHIELE G. LOEHR, Appellant, v.
DAVID D. LOEHR, Appellant.

466

COUNSEL

Jones, Tellam, Irving & Estes and Joel C. Estes for Appellant Wife.

Hervey, Mitchell, Ashworth & Keeney and Thomas Ashworth III for Appellant Husband.

OPINION

**TOBRINER, J.**—This appeal presents the same issue as *In re Marriage of Jones, ante,* p. 457 [119 Cal.Rptr. 108, 531 P.2d 420]. The trial court in the present case held that the portion of a serviceman's disability pension attributable to military service during the marriage is community property, and awarded one half that value to his spouse. For the reasons stated in *In re Marriage of Jones, supra,* we reverse that determination and hold that the disability benefits are not a community asset.

David and Michiele Loehr were married July 9, 1966, and have one child. David received a commission as a Naval officer on June 12, 1965. In November of 1970, David suffered serious injuries in an accident; he became blind in one eye with limited vision in the other, practically deaf and sustained skull injury and possible brain damage. On February 1, 1972, the Secretary of the Navy placed David on the temporary disability list, assigning him a disability rating of 90 percent. (See 10 U.S.C. § 1202.)[1] David thus became entitled to retired pay of $735.84 monthly, an amount equal to 75 percent of his basic pay. (See 10 U.S.C. §§ 1372, 1401.)

In the dissolution action, the trial court held that the portion of David's right to disability pay attributable to military service during the marriage was a community asset. Observing that 83.6 percent of David's naval career occurred after his marriage, the court assigned to Michiele,

---

[1]Section 1202 provides that: "Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty . . . for a period of more than 30 days, would be qualified for retirement under section 1201 of this title but for the fact that his disability is not determined to be of a permanent nature, the Secretary shall, if he also determines that accepted medical principles indicate that the disability may be of a permanent nature, place the member's name on the temporary disability retired list, with retired pay computed under section 1401 of this title."

as her share of the community interest in the disability payments, 41.8 percent (1/2 of 83.6 percent) of all future disability benefits received by David. This figure amounts to $307 per month. The court allocated the balance of the community property,[2] denied Michiele's request for alimony, and awarded her $1 a year for child support. David's appeal attacks the court's award of a portion of the disability benefits to Michiele; her appeal criticizes the court's refusal to award additional child support.

David contends that military disability pensions, whether based on temporary or permanent disability, cannot constitute a community asset, and are not subject to division upon dissolution of the marriage. On the basis of the reasoning set out in our opinion in *In re Marriage of Jones, supra,* we conclude that David's contention is correct, and that the judgment of the trial court must be reversed.

In limiting Michiele to $1 a year for child support the trial court may have relied upon the fact that under its order dividing the community property Michiele would receive $307 each month from David's disability benefits. Upon remand of this matter, the trial court should reconsider the award of child support in light of the fact that under our holding none of David's disability pay will be available for Michiele's use.

Parts 3 and 4 of the interlocutory judgment, which award Michiele 41.8 percent of all military pension and retirement benefits received by David, require his payment of this percentage of such benefits to her, and award David 58.2 percent of the military pension and retirement benefits, are reversed with directions to assign to David all the military pension and retirement benefits as are before the court at this time. The portion of the interlocutory judgment ordering David to pay Michiele $1 per year child support is reversed; on remand the court shall redetermine the amount of child support to be awarded Michiele. In all other respects

---

[2]David settled a personal injury claim arising out of the accident which disabled him for $43,584.47. Civil Code section 4800, subdivision (c), provides in part that "community property personal injury damages shall be assigned to the party who suffered the injuries unless the court, after taking into account the economic condition and needs of each party, the time that has elapsed since the recovery of the damages, and all other facts of the case, determines that the interests of justice require another disposition. . . ." Pursuant to this section, the trial court assigned the entire settlement proceeds to David. The court divided the remaining community property equally.

the interlocutory judgment is affirmed. Each party shall bear his own costs of appeal.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.