543 P.2d 869

Margaret **HOUSKA**, Plaintiff-Respondent,

v.

Joe **HOUSKA**, Jr., Defendant-Appellant.

No. 11694.

Supreme Court of Idaho.

Dec. 17, 1975.

Russell G. Kvanvig, Plankey, Johnson, Kvanvig & Stoker, Twin Falls, for defendant-appellant.

Robert E. Rayborn, Rayborn, Rayborn & Ronayne, Twin Falls, for plaintiff-respondent.

## DONALDSON, Justice.

This appeal stems from a divorce granted in August, 1971. Specifically, appellant, Joe Houska, Jr., is appealing the district court's determination of the amount of net community income available for division between the parties. We find no error in the method used by the trial court judge in making his determination and affirm his decision.

The divorce and division of property granted in 1971 was, on appeal to this Court, reversed and remanded with respect to the property division. The Court found that the district court, in determining the community assets acquired during the marriage, failed to consider the net community income and the community living expenses. The case was remanded with instructions to do so. See 95 Idaho 568, 512 P.2d 1317 (1973).

On retrial, the parties stipulated that the community living expenses during the marriage were $400 per month, leaving the determination of community income as the only issue in question. Also by stipulation, this issue was limited to that income from August 1958, through the year 1969.

The district court found, based on the appellant's income tax returns, that the total community income from appellant's separate property, a farm,[1] after taxes, was $107,418.63. Deducting the stipulated community living expenses of $54,400.00 left a remaining balance of net community income of $53,018.63 to be divided equally.

We first consider appellant's claim that the trial court, in relying on the income tax returns, erred in two ways. First, the court only had the returns for the years 1959 through 1969, and appellant claims the court arbitrarily added the sum of $3,159.37, to cover the first four months of marriage, from September through December of 1958. Second, the court failed to consider a $25,000.00 loss that Mr. Houska sustained in the year 1970 in totaling the community income.

Regarding appellant's first claim, the average income as reflected in the income tax returns, after taxes, during the last eleven years of marriage was $9,478.11. Appellant was unable to produce any tax returns for the year 1958, so the court reasoned that, in all likelihood, the net income for 1958 was also $9,478.11. Having no other basis to work with, the court simply applied one-third of that year's net income to the community, as they had only

---

1. I.C. § 32–906. "All other property acquired after marriage by either husband or wife, including the rents and profits of the separate *property of the husband and wife, is community property \* \* \*.*" (emphasis added)

been married four months of the year. We find no error.

■ We find no merit with respect to appellant's claim that the court should have considered the loss of 1970. The parties stipulated "that only the income and expenses through the year 1969 need be considered by the court in determining the net profit accumulated during the marriage."

■ We now turn to appellant's argument that the court, rather than relying on the income tax returns as a measure of income, should have compared the beginning and ending net worth of the assets of his farming operation as the measure of income.

The major difficulty in using the "beginning versus ending net worth" approach arises from the fact that its validity depends on the accuracy of the figures presented. In the present case, the accuracy of the financial statements submitted by appellant was properly questioned by the district court. The income tax returns show that during the years of marriage the total community income, after taxes, was over $100,000.00. In contrast, appellant offered financial statements which showed that the net worth of the assets of the farm decreased during that time by more than $80,000.00. The discrepancy in the figures is apparent. Appellant states that he failed to take allowable deductions for a bad debt loss he incurred amounting to $20,000.00. Appellant also claims he failed to deduct interest payments of over $32,000.00 in his tax returns. While appellant attributes these oversights to "poor advice," he failed to correct the mistakes and collect the sizable sums he claims are rightfully his by filing amended tax returns even though he had opportunity to do so after the first trial in 1971 and before the second hearing from which this appeal resulted. The district court was justified in relying on the income tax returns and in refusing to accept the appellant's explanation of the discrepancy.

■ Appellant also argues that uncontradicted testimony of a credible witness concerning the financial statements must be accepted by the trier of fact unless such testimony is inherently improbable.[2] The rule is inapplicable here. The record is clear that there was substantial evidence, consisting of the income tax returns, that contradicted the testimony. As we stated in *Hooker v. Hooker*, 95 Idaho 518, 511 P.2d 800 (1972):

"* * * the division or assignment of the community property will not be disturbed on appeal in the absence of a manifest abuse of discretion."

Finding no such abuse by the district court, we will not disturb such findings on appeal. Affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.

2. See *National Ro-Tile Corporation v. Loomis*, 82 Idaho 65, 350 P.2d 217 (1960).