611 P.2d 104
In re the MARRIAGE of John J.
KOSKO, Appellant,

and

Barbara Kosko, Appellee.

No. 1 CA–CIV 4210.

Court of Appeals of Arizona,
Division 1,
Department A.

March 11, 1980.

Rehearing Denied April 28, 1980.

Review Denied May 13, 1980.

Wykoff & Charles by Joseph W. Charles, Glendale, for appellant.

Law Offices of Otto H. Linsenmeyer by Frank E. Dickey, Jr., Phoenix, for appellee.

## OPINION

FROEB, Presiding Judge.

The main issue in this appeal is whether, upon dissolution of marriage, United States Civil Service (Civil Service) and Veterans' Administration (V.A.) disability benefits shall be treated as community property or separate property. Appellant John J. Kosko (husband) and appellee Barbara Kosko (wife) were married on February 6, 1954. On November 3, 1977, a judgment and decree of dissolution of their marriage was entered. Husband served in the United States Air Force from January of 1943 until April of 1965. He was discharged at that time due to a heart condition. For six years thereafter he was employed with the Civil Service but was retired from this employment due to his heart condition. Upon retirement he was given the option of waiving his military retirement benefits for a greater civil service disability benefit. Having exercised the option, husband has been receiving monthly disability income from Civil Service in addition to disability income from the Veterans' Administration.

In dissolution proceedings, the trial court ordered the community real and personal property sold, with the proceeds to be divided equally between husband and wife. As part of the judgment, the court treated husband's Civil Service and V.A. disability benefits as retirement benefits (community property in Arizona in accordance with *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977)) and awarded wife one-half of that portion of the V.A. payment which corresponded to their married years and one-half of the total Civil Service benefit. Thus divided, husband was to receive $689.50 and wife $581.50 each month. Wife was employed and earning approximately $8000.00 per year. Husband was not employed and was one-hundred percent disabled.

Husband asserts in this appeal that since disability income is a substitute for lost earning ability, it ought to be treated at dissolution as the separate property of the spouse receiving the benefits. He submits it was error for the trial court to characterize his disability benefits as retirement benefits and divide them equally as a community asset. We agree and hold that disability benefits should be treated as the separate property of the receiving spouse after dissolution.

In *Van Loan v. Van Loan*, the Arizona Supreme Court ruled that retirement benefits are divisible as community property. In its analysis the Supreme Court considered the nature of a retirement benefit as follows:

We start with the proposition that pension plans are a form of deferred compensation to employees for services rendered. [Citations omitted] As compensation, any portion of the plan earned during marriage is property of the community. [Citation omitted] 116 Ariz. at 273, 569 P.2d at 215.

In light of *Van Loan*, we turn to a comparison of retirement and disability benefits. Retirement benefits are earned from employment and may be either contributed by the employer or contributed by the employee, or both. Whether contributed by the employer or the employee, they represent deferred compensation for work done by the employee, the enjoyment of which is postponed for the future. They are not contingently payable upon the occurrence of specified future circumstances, such as with disability benefits. In one sense, retirement benefits are accumulations from income placed out of reach until a working career is completed. They represent an ascertainable equity which can be expressed in terms of present or future dollar value. In dissolution proceedings, retirement benefits may sometimes be given a present value by the trial court, awarded entirely to the employee-spouse, and offset by a compensatory award of other property to the non-employee spouse. They may, on the other hand, be divided between the husband and wife by means of an order allocating to each spouse a percentage of each periodic payment in the future, when paid.

Disability benefits have some similar characteristics in that the right to them may arise by reason of the employment, the right may be paid for by the employer or by the employee, and, upon the happening of the specified future circumstances, they will be paid to the employee-spouse. We think there are significant differences between retirement and disability benefits however, which require distinctive treatment by the trial court upon dissolution of a marriage. Whether paid for by the employer or the employee, the amount expended is to protect against a risk of disability which may, but usually does not, occur. The amount paid to protect against this risk does not accumulate in a fund, nor does it build into an equity having an ascertainable value. Although the entitlement to this benefit may be attributed to employment and thus have a community origin, the money so expended does not produce a community asset subject to division at dissolution. What it produces is coverage for the *individual spouse* against the risk of disability and loss of future earning ability. Disability benefits, then, are a substitute for earnings in the event of disability. Just as the post-dissolution earnings of a spouse are separate property, *Warren v. Warren*, 2 Ariz.App. 206, 407 P.2d 395 (1965), so then it is logical that post-dissolution disability benefits are separate property.

In 1978, another department of this court, in *Flowers v. Flowers*, 118 Ariz. 577, 578 P.2d 1006 (App.1978), held that disability benefits should be equitably divided as a community asset. The court, in that case, analogized disability benefits with personal injury damages and followed the general rule in Arizona that a personal injury recovery is community property. Recently, however, the Arizona Supreme Court, in *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812 (1980) held that the ownership of a recovery for personal injury in a dissolution proceeding is dependent upon the nature of its component parts. The Supreme Court held that compensation for damages incurred by the community for medical expenses and lost wages was community property. The court further held that compensation for injuries to the "personal well-being" of the injured spouse is the separate property of that spouse.

We interpret *Jurek* as holding that, for an accident occurring during marriage, any portion of a recovery which represents compensation for post-dissolution earnings of the injured spouse is the separate property of that spouse. In view of this, the decision of Department B of this court in *Flowers v. Flowers* is not controlling.

As we pointed out earlier, our analysis of the ownership of disability benefits following dissolution centers on the nature of the

benefits themselves. While disability income protection may arise during marriage, it is for the protection of community earnings during the existence of the marriage and for the protection of separate earnings of the disabled spouse in the event of dissolution. We therefore hold that disability benefits are the separate property of the disabled spouse after dissolution, just as the income of a nondisabled spouse after dissolution is his or her separate property. *Warren v. Warren.*[1]

It must be remembered, however, that while disability benefits are the property of the disabled spouse, it remains a matter of the discretion of the trial court to award support to the nondisabled spouse if the facts of the case so warrant.

For the foregoing reasons, that portion of the judgment awarding the property of the parties is reversed, and the case is remanded to the trial court for such further proceedings as may be necessary in order to award the property of the parties in a manner consistent with our opinion. To the extent that the benefit payments received by husband are a combination of retirement and disability, the trial court shall determine the value represented by the retirement component and make an appropriate division between husband and wife, while awarding the disability component to husband as his sole and separate property.[2]

In view of our decision, it is unnecessary to reach other issues raised by husband. Since his claim that the trial court abused its discretion in failing to award him spousal maintenance is dependent upon the disposition of the disability benefits, it is now unnecessary to deal with this question.

Reversed and remanded.

WREN, J., and DOUGLAS W. KEDDIE, Superior Court Judge, concur.

NOTE: The Honorable DOUGLAS W. KEDDIE, Yuma County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to A.R.S.Const., art. VI, § 3.

---

1. Although not argued to the court in this case, we take note of the fact that the U.S. Supreme Court has held that the Railroad Retirement Act (45 U.S.C. § 231 *et seq.*) prohibits the division of retirement benefits under community property laws. *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). The question of federal preemption with respect to retirement and disability benefits flowing from other federal legislation has been explored by the Arizona Supreme Court in *Czarnecki v. Czarnecki,* 123 Ariz. 466, 600 P.2d 1098 (1979), and by Division Two of the Arizona Court of Appeals in *Luna v. Luna,* 125 Ariz. 120, 608 P.2d 57 (1979), and *Rickman v. Rickman,* 124 Ariz. 507, 605 P.2d 909 (1980). The

California Court of Appeals has also considered federal preemption in *Milhan v. Milhan,* 97 Cal. App.3d 41, 158 Cal.Rptr. 523 (1979), and *In re Marriage of Orr,* 95 Cal.App.3d 561, 157 Cal. Rptr. 301 (1979). In view of our decision that under state law the disability benefits in this case are separate property following dissolution, we need not consider argument relating to federal preemption.

2. *See In re Marriage of Stenquist,* 21 Cal.3d 779, 148 Cal.Rptr. 9, 582 P.2d 96 (1978) which deals with this problem. *Cf. In re Marriage of Kittleson,* 21 Wash.App. 344, 585 P.2d 167 (1978).