637 P.2d 799

**Irene M. COOK, Plaintiff-Respondent,**

v.

**William L. COOK, Defendant-Appellant.**

No. 13245.

Supreme Court of Idaho.

Oct. 7, 1981.

Rehearing Denied Dec. 22, 1981.

James H. Paulsen, Sandpoint, for defendant-appellant.

Steven L. Herndon, Sandpoint, for plaintiff-respondent.

BAKES, Chief Justice.

The parties, Irene and William Cook, were married in California on December 4, 1967. They lived in California until August, 1969, when they purchased a truck and travel trailer and traveled around the northwest United States and parts of Canada before settling in Sandpoint, Idaho, in April, 1970. At the time of the marriage, defendant owned separate property in the approximate value of $23,025. During the time they lived in California, the parties were each employed; however, while they were traveling, neither party had income.

After settling in Sandpoint, the parties established a retail antique, art and handicrafts store under the name of The Pine Tree. Defendant was also employed for approximately six months as a truck driver, until he was involved in an accident. As a result of that accident, defendant was determined to be totally and permanently disabled and began to receive bi-weekly workmen's compensation benefits.

On October 5, 1976, Irene Cook filed for a divorce. The divorce was granted and a division of property made. In making the division of property, the magistrate concluded reluctantly that Guy v. Guy, 98 Idaho 205, 560 P.2d 876 (1977), required that the workmen's compensation benefits be classified as community property. The division of the community property consequently included the present value of the workmen's compensation benefits based upon the defendant's life expectancy. The defend-

ant was awarded the right to receive all future benefit payments, and the plaintiff received an offsetting award of property. In addition, the magistrate held that most of the defendant's separate property had been comingled with the community property. Although the court recognized that the existence of separate property could be established by the "accounting method" of tracing, see Evans v. Evans, 92 Idaho 911, 453 P.2d 560 (1969); Houska v. Houska, 95 Idaho 568, 512 P.2d 1317 (1973); Houska v. Houska, 97 Idaho 316, 543 P.2d 869 (1975), it held that such could not be done with reasonable certainty in this case. These conclusions were affirmed on appeal to the district court, and the defendant now further appeals to this Court.

The defendant first argues that Guy v. Guy, supra, is distinguishable from the case at bar, and that the courts below erred in applying that case to classify defendant's right to receive future workmen's compensation benefits as community property. We agree. In Guy it was held that the right to receive future payments under a group term disability insurance policy provided by an employer as partial compensation for community labors was community property subject to division upon divorce. In reaching that conclusion, this Court focused particularly upon the fact that the disability benefits in Guy were "paid as partial consideration for past employment." 98 Idaho at 207, 560 P.2d at 878. We distinguished the California cases of In re Marriage of Jones, 13 Cal.3d 457, 119 Cal.Rptr. 108, 531 P.2d 420 (1975), and In re Marriage of Loehr, 13 Cal.3d 465, 119 Cal.Rptr. 113, 531 P.2d 425 (1975), by pointing out that those decisions rested upon the conclusion that "federal military disability benefits do not primarily serve as a form of deferred compensation for a serviceman's past employment," while in Guy we emphasized "that in the case at bar the disability benefits do not constitute a gratuity, but rather compensation for appellant's labors." 98 Idaho at 208, 560 P.2d at 879.

■ Workmen's compensation, however, is not "compensation for [a person's] la-

bors." Rather it stands in place of an employee's common law right of civil action against his employer for damages on account of on-the-job personal injury. I.C. § 72–201; *Gifford v. Nottingham*, 68 Idaho 330, 193 P.2d 831 (1948); *Close v. General Constr. Co.*, 61 Idaho 689, 106 P.2d 1007 (1940). Certainly, an employee's pre-workmen's compensation right to sue his employer would not be considered a fringe benefit of employment. It follows that the same is also true of an employee's right to receive workmen's compensation. Consequently, the question of whether workmen's compensation benefits constitute community property requires an analysis separate from that applicable to an insurance policy which is provided by the employer as a fringe benefit of the employment.

■ The classification of property as separate or community is controlled initially by I.C. § 32–903[1] and § 32–906.[2] Applying those sections, the plaintiff argues that when a right to receive workmen's compensation becomes vested due to the occurrence of a work-related injury during marriage, the right to benefits is wholly community property because it is "property acquired after marriage," but not acquired by "gift, bequest, devise or descent, . . . or with the proceeds of . . . separate property." However, such an argument places too strict a construction upon the word "acquired."

Where property, or the right to receive property, is acquired during marriage as compensation for some right personal to one spouse alone, that property takes its character from the right violated and is the separate property of that injured spouse. *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812, 814 (1980); *Fredrickson & Watson Constr. Co., v. Boyd*, 102 P.2d 627, 629 (Nev.1940). This Court has recently recognized that rule by holding the pain and suffering component of a tort recovery for a personal injury to be the separate property of the injured spouse. *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 539 P.2d 566 (1974); *see Guy v. Guy*, 98 Idaho at 208, 560 P.2d at 879. By the same token, the word "acquired" should not be read over broadly to require that every award of workmen's compensation be deemed community property in total simply because the injury upon which the benefits are premised occurred during marriage.

■ Each person possesses a right to the personal financial security which arises from his own capacity to work and earn a living. Our legislature has chosen to secure that right to a certain extent by enacting a workmen's compensation law. *See* I.C. § 72–201. Our prior cases make it clear that the purpose of the workmen's compensation law is to make good the loss or impairment of earning power resulting from on the job injury.[3] *Brock v. City of*

---

1. "32–903. SEPARATE PROPERTY OF HUSBAND AND WIFE.—All property of either the husband or the wife owned by him or her before marriage, and that acquired afterward either by gift, bequest, devise, or descent, or that which either he or she shall acquire with the proceeds of his or her separate property, by way of moneys or other property, shall remain his or her sole and separate property."

2. "32–906. COMMUNITY PROPERTY—INCOME FROM SEPARATE AND COMMUNITY PROPERTY—CONVEYANCE BETWEEN SPOUSES.—(1) All other property acquired after marriage by either husband or wife is community property. The income of all property, separate or community, is community property unless the conveyance by which it is acquired provides or both spouses, by written agreement specifically so providing, declare that all or specifically designated property and the income from all or the specifically designated property shall be the separate property of one of

the spouses or the income from all or specifically designated separate property be the separate property of the spouse to whom the property belongs. Such property shall be subject to the management of the spouse owning the property and shall not be liable for the debts of the other member of the community.

(2) Property conveyed by one spouse to the other shall be presumed to be the sole and separate estate of the grantee and only the grantor spouse need execute and acknowledge the deed or other instrument of conveyance notwithstanding the provisions of section 32–912, Idaho Code; provided, however, that the income from such property shall not be the separate property of the grantee spouse unless this fact is specifically stated in the instrument of conveyance."

3. Many cases prior to 1971, beginning with *Kelley v. Prouty*, 54 Idaho 225, 30 P.2d .769 (1934), indicate that making good the loss of earning power is not the only basis for the

*Boise*, 95 Idaho 630, 632, 516 P.2d 189, 191 (1973); *Griffin v. Potlatch Forests, Inc.*, 93 Idaho 174, 176, 457 P.2d 413, 415 (1969); *Arnold v. Splendid Bakery*, 88 Idaho 455, 463, 401 P.2d 271, 275–76 (1965); *Frisk v. Garrett Freightlines*, 76 Idaho 27, 32, 276 P.2d 964, 967 (1954); *Kelley v. Prouty*, 54 Idaho 225, 244, 30 P.2d 769, 776 (1934); *Flynn v. Carson*, 42 Idaho 141, 153, 243 P. 818, 821 (1926). During marriage, however, that personal right to financial security becomes subordinated to the interests of the marital community. As a consequence, income attributable to a spouse's earning capacity during marriage is community property. *See Hooker v. Hooker*, 95 Idaho 518, 511 P.2d 800 (1972); *Hiatt v. Hiatt*, 94 Idaho 367, 487 P.2d 1121 (1971).

Nevertheless, once a marriage is terminated and the community is dissolved, each person's right to work toward securing his own financial wellbeing continues on. It follows that since workmen's compensation is paid to make good the impairment or loss of an individual's future capacity to earn, the community cannot lay claim to the whole of the benefit where it compensates for a period of disability which extends beyond the time of divorce. To hold otherwise would result in the deprivation of an individual's basic source of financial security. The dispositive question in classifying workmen's compensation benefits as community or separate property, therefore, is not whether the right to receive benefits vested during marriage, but rather to what extent the award compensates for loss of earning capacity during marriage. Other community property jurisdictions have reached similar conclusions. *E.g., Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 (Ariz.App. 1980); *Hicks v. Hicks*, 546 S.W.2d 71 (Tex. Civ.App.1977).

■ It is a basic concept of community property law that all property acquired during marriage is presumed to be community property. *Guy v. Guy, supra; Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976); *Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844 (1974). The same is true in the case of workmen's compensation benefits, particularly since it is unforeseeable if or when a marriage will end in divorce. However, once a marriage is terminated it becomes evident that the community's interest in a workmen's compensation award is limited, and benefits beyond an amount attributable to lost earning power during the marriage constitute the separate property of the injured spouse. *See Bugh v. Bugh, supra; Hicks v. Hicks, supra*. Such is the situation in the case at bar. Accordingly, we find that the courts below erred in treating the defendant's right to receive future workmen's compensation benefits as community property.

■ Additionally, the defendant claims error in the magistrate's conclusion that the evidence was insufficient to enable the court to trace the defendant's separate property through the accounting method. *See Evans v. Evans*, 92 Idaho 911, 453 P.2d 560 (1969); *Houska v. Houska*, 95 Idaho 568, 512 P.2d 1317 (1973); *Houska v. Hous-*

special indemnity provisions contained in former I.C. § 72–313 (now I.C. § 72–428). In *Close v. General Constr. Co.*, 61 Idaho 689, 695, 106 P.2d 1007, 1009 (1940), it was stated that "[a]nother thing that should be considered in this connection is the *pain and suffering and physical and financial loss* which the workman sustains by reason of one of these injuries. The legislature must have intended, in fixing this schedule of indemnities, to take into consideration in some measure *all these elements, along with loss of earning power*, going to make up the loss to a workman who loses a member of his body in the course of his employment." (Emphasis added.) *Rogers v. Yellowstone Park Co., supra*, makes it clear that general damages for pain and suffering, and special damages of lost income arising from a personal injury action, are treated differently for the purposes of classification as separate or community property. *See also, Guy v. Guy*, 98 Idaho at 208, 560 P.2d at 879. We need not decide in this case whether the same is true under workmen's compensation as between special payments for loss of body members and payments under other provisions of the workmen's compensation law. However, it should be noted that the special indemnity provision, I.C. § 72–313 (supp. 1970), was repealed by the legislature in 1971 and replaced by I.C. § 72–428. Although the two provisions are similar, reference to "indemnity" in the prior statute has been replaced by the words "income benefits."

*ka*, 97 Idaho 316, 543 P.2d 869 (1975). In deciding this point, the magistrate concluded that "this court cannot find by a preponderance of the evidence what the combined earnings of plaintiff and defendant were during the marriage, nor can it determine what the community expenses were. To do so would be to engage in speculation." The evidence of net income for the antique and handicrafts store consisted of the plaintiff's statement that net income was about 40% of gross sales, and the defendant's subsequent testimony reciting yearly gross income figures. Evidence of community expenses for the marriage was in the form of two check registers covering approximately 2½ years of the nine year marriage. It is clear that the party asserting the separate character of comingled assets must prove that the property is separate "with reasonable certainty and particularity." *Speer v. Quinlan*, 96 Idaho 119, 131, 525 P.2d 314, 336 (1974). After reviewing the record, we affirm the trial court's conclusion that the evidence in this case is insufficient to permit tracing by accounting.

The decision of the district court below is reversed, and the case is ordered remanded for a redivision of the property by the magistrate consistent with this opinion.

McFADDEN and DONALDSON, JJ., concur.

1. The Court's citation to *Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 (Ariz.App.1980), and *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App. 1976), as support for the statement that "Other community property jurisdictions might also lead to confusion." The court in *Hicks* held that awarding future worker's compensation benefits to a claimant's former spouse was an involuntary judicial assignment of worker's compensation benefits, and as such was forbidden by statute. The Court does not address that issue in this case, however, and *Hicks* provides no support for the Court's holding. While *Bugh* did hold that worker's compensation benefits after divorce are separate property, that court distinguished retirement and profit sharing and pension plans as being deferred compensation. The same day that *Bugh* was released, another Arizona court of appeals held, in direct opposition to *Guy*, that all disability payments after divorce are separate property. *In re Marriage*

BISTLINE, Justice, specially concurring.

To my mind the Court's opinion only more confuses an already confused area of law. The Court distinguishes *Guy v. Guy*, 98 Idaho 205, 560 P.2d 876 (1977), by maintaining that worker's compensation benefits can better be equated with a right to sue one's employer rather than as a fringe benefit of employment. If this analysis were pursued, the next step would be to decide whether a cause of action or an accomplished tort recovery for damages becomes separate property after divorce. The Court declines to pursue this analysis, however, instead choosing to reach its holding on an analysis of the purpose behind worker's compensation benefits. The Court maintains that since worker's compensation benefits are paid to substitute for lost earning capacity, the community has no claim to benefits for disability *after* divorce. In the words of the Court, "To hold otherwise would result in the deprivation of an individual's basic source of financial security." Unfortunately, this rationale applies equally well to the disability policy in *Guy*. The end result is that the Court has used one rationale to distinguish *Guy*, but has then switched to another rationale which applies equally well to *Guy* in order to reach its result.[1]

Nonetheless, I do believe this case is distinguishable from *Guy*.[2] One of appellant's

*of Kosko*, 125 Ariz. 517, 611 P.2d 104 (Ariz. App.1980). That court utilized basically the same rationale as the court in *Bugh* to distinguish disability and retirement benefits. Thus the circle is complete. After distinguishing *Guy* by one means, the Court cites *Bugh* for a rationale that another Arizona court of appeals has used to reach a result directly contrary to *Guy*.

2. If a majority of this Court firmly believes the rationale set forth in the majority opinion, that "The dispositive question ... is not whether the right to receive benefits vested during marriage, but rather to what extent the award compensates for loss of earning capacity during marriage," then the Court would do well to reexamine the holding in *Guy* with a view toward overruling it. The Court today states that "since workmen's compensation is paid to make good the impairment or loss of an individual's future capacity to earn, the community

arguments in *Guy* was that his disability payments were analogous to personal injury damages and thus should be his separate property under *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 539 P.2d 566 (1974). Although the Court by its holding implicitly rejected this argument, it did state "In the usual third-party tort situation . . . the rule remains unchanged, *i.e.*, an award for future earnings is community property at least to the extent the award compensates for earnings to be lost during the marriage." 98 Idaho at 208, 560 P.2d at 879. The Court rejected that argument because the disability insurance plan in *Guy* was not analogous to a tort recovery. Community funds purchased an insurance policy, and that policy paid off on the occurrence of an event, to-wit, the disability. As such, the payments were more analogous to an insurance policy purchased with community funds than to a tort recovery.

In the case of worker's compensation, however, the above analogy holds. As noted by the majority, worker's compensation "stands in place of an employee's common law right of civil action against his employer for damages on account of on-the-job personal injury." Thus I would simply hold that worker's compensation benefits, being more akin to a personal injury tort recovery than to an insurance policy purchased with community assets, become separate property after a divorce.

SHEPARD, Justice, dissenting.

The majority opinion of today is an indication of this Court's disturbing tendency to overturn precedents and doctrines of established law in the field of domestic relations. In my view, today's opinion implicitly overrules *Guy v. Guy*, 98 Idaho 205, 560 P.2d 876 (1977), without providing any rationale therefor. In my view, the majority opinion attempts to arrive at what it has already perceived as a "right" result. In so doing, I suggest it lends nothing to the stability of the law in Idaho, but rather can only promote conflict and confusion among our district courts and the practitioners at the bar.

It is too clear to require the citation of authority that the fruits of one's labor constitute community property whether they be in the form of direct wages or otherwise. The majority attempts to convince the reader that when a workman is injured during the course of his employment an award therefor has nothing to do with employment. It does so by suggesting that a workmen's compensation award stands in the place of an employee's common law right to recover against his employer for negligence. If that premise is to be accepted, it remains clear that an award resulting from an employee's common law right of action against his employer would be community property. The majority cites *Rogers v. Yellowstone Park Company*, 97 Idaho 14, 539 P.2d 566 (1974), as authority for the proposition that a wife's recovery in tort is not community property. In *Guy v. Guy, supra,* however, it was pointed out that the *Yellowstone* rule applied only in a situation involving liability between husband and wife and that in the usual third party tort situation the rule remained unchanged, *i.e.,* the award was community property.

In my opinion, the instant case cannot be distinguished from *Guy v. Guy, supra.* Either *Guy* was wrongfully decided or the instant case is wrongfully decided. In *Guy* the husband's employer, although not statutorily so required, purchased a disability insurance policy as a fringe benefit of the husband's employment. The husband by reason of illness became totally disabled and received a monthly benefit. This Court in a unanimous opinion held that benefits to be paid following dissolution of the marriage were community property of the husband and wife. Therein the Court rejected the rationale of certain California cases and pointed out that California follows a rigid rule that all community property must be equally divided and in contrast the Idaho courts have the equitable power and discre-

---

cannot lay claim to the whole of the benefit where it compensates for a period of disability which extends beyond the time of divorce."

This statement could equally as well have been utilized in *Guy*, and it could have led to a different result in that case.

tion to divide community property toward the end of achieving a just and equitable result. I.C. § 32–712(1).

In the instant case, of course, the learned district judge attempted to, and hopefully did, accomplish such a just and equitable result by awarding the husband the future workmen's compensation benefits, albeit they were community property, and making an offsetting award to the wife from the other community property, which it should be noted was not insubstantial.

In the instant case, the husband's employer, as required by statute, obtained a policy of insurance covering the husband-employee against accidental injury incurred during the course of employment. The husband was so injured and received an award. The majority does not tell us whether such award was paid to the husband in a lump sum payment pursuant to the provisions of I.C. § 72–404 or what difference, if any, such a lump sum payment might or would make in today's decision.

Hence, today's decision is founded on facts identical to those of *Guy* in all but two minor respects. *Guy* involved an employer's voluntary insurance procurement while today's employer obtained statutorily mandated insurance coverage. *Guy* involved total disability by reason of illness while today's case involved total disability by reason of accident. Both cases involve benefits resulting from employment and both cases *allegedly* involve the right to benefits which vested during marriage and which *may* be payable following dissolution of the marriage.

I would affirm the decision of the district court.