686 P.2d 260

**Serena E. DOUGLAS,**
**Petitioner-Appellee,**

v.

**Curtis DOUGLAS, Jr.,**
**Respondent-Appellant.**

**No. 7475.**

Court of Appeals of New Mexico.

June 28, 1984.

Ann Tilford Sims, Anthony J. Williams, Williams & Bowman, Belen, for petitioner-appellee.

Robert D. Montgomery & Associates, P.A., Albuquerque, for respondent-appellant.

## OPINION

ALARID, Judge.

Husband (respondent-appellant) appeals the district court's modification of the final decree of dissolution of marriage. Findings of fact and conclusions of law were entered and the modified final decree was filed on September 8, 1983. We consider whether the community, by reason of payment of premiums on a disability insurance policy, acquires an interest in amounts subsequently paid to the injured spouse because of personal injury and disability. We find a community interest in the proceeds of the policy and thus affirm the trial court.

*Facts*

A final decree of dissolution of marriage was granted on May 14, 1982, upon the parties' stipulation. At that time, husband had pending a claim against Mutual of Omaha for $100,000 on a disability insurance policy he had purchased through his employer, Consolidated Freightways. A copy of the policy was not in evidence. It was described only as a disability insurance policy. Husband had been injured in an automobile accident on February 17, 1980, and was totally disabled as a result. The premiums on the disability policy had been paid from husband's earnings during marriage. Wife testified that when the May 14, 1982 decree was entered, both parties were unsure of the value, if any, of the claim and did not inform the court of the facts regarding the disability policy. In July, 1982, husband received the face amount of the claim in the amount of $100,-000. On February 16, 1983, wife filed a motion to set aside the original decree, claiming her share of the community inter-

est in the disability benefits. The court granted her motion and modified the final decree.

*Discussion*

Husband received a disability benefit under a disability insurance policy purchased from Mutual of Omaha while he was employed by Consolidated Freightways. The premium payments were made with his earnings. In determining whether the benefit in this case is community or separate property, husband contends we must look to what the benefit payment is in lieu of rather than relying on the time and manner of the acquisition test in determining its character for purposes of community property law. We believe the time and manner of acquisition approach provides the proper analysis and is consistent with New Mexico law.

Property acquired in New Mexico by a married couple takes its status at the time of acquisition and by the manner of its acquisition. *Stroshine v. Stroshine,* 98 N.M. 742, 652 P.2d 1193 (1982). There is a presumption that property acquired during marriage by either husband or wife, or both, is community property. NMSA 1978, § 40–3–12(A) (Repl.Pamp.1983); *Stroshine; Hughes v. Hughes,* 96 N.M. 719, 634 P.2d 1271 (1981). This presumption may be rebutted by a preponderance of the evidence. *Stroshine.* However, husband does not contend that this presumption was rebutted in this case. The right to the disability benefits was acquired by payment of premiums during the marriage. The parties testified that the premiums on the disability insurance policy were paid out of husband's earnings. Earnings during marriage attributable to the labor and talent of a spouse are community property. *Portillo v. Shappie,* 97 N.M. 59, 636 P.2d 878 (1981); *Katson v. Katson,* 43 N.M. 214, 89 P.2d 524 (1939).

There is no case in New Mexico which has considered the particular type of benefit involved in this case. However, cases in New Mexico which have considered similar benefits have applied the analysis discussed above. For example, in *Hughes,* the court held that to the extent that contributions to a civil service retirement fund were made during marriage out of community funds, the disability benefits received from the fund were also community property. Similarly, where the right to disability retirement pay was earned during marriage, the benefit payments were community property. *Stroshine.* In *Luxton v. Luxton,* 98 N.M. 276, 648 P.2d 315 (1982), the court held that civil service medical retirement benefits were community property.

The court in *Stroshine* relied on an Idaho case with facts which were very similar to the instant case. *Guy v. Guy,* 98 Idaho 205, 560 P.2d 876 (1977). In the Idaho case, husband became insured under a group term disability policy through his employer. Premiums were paid by the employer. Husband was determined to be totally disabled in 1973 and started receiving benefit payments under the policy. The court stated that assets acquired during the marriage are presumed to be community property, that no evidence had been introduced to rebut the presumption, and that the right to the benefit payments derived from the labors of husband during marriage were, therefore, community property.

The husband cites a number of cases in New Mexico which support his contention that we should look to what the payments are in lieu of rather than the time and manner of acquisition. Those cases hold that the proceeds of a cause of action for personal injury and for pain and suffering are the separate property of the injured spouse, but that damages for medical expenses and loss of earnings belong to the community. *See Soto v. Vandeventer,* 56 N.M. 483, 245 P.2d 826 (1952); *Flores v. Flores,* 84 N.M. 601, 506 P.2d 345 (Ct.App. 1973). The basis for the distinction made between types of damages is that " 'the sole source from which the community estate must arise is the toil, talent, or other productive faculty of the spouses and the earnings and income from community property itself.' " *Soto,* 56 N.M. at 493, 245 P.2d 826 (quoting *Hammonds v. Commis-*

*sioner of Internal Revenue,* 106 F.2d 420, 422 (10th Cir.1939)). Thus, damages for medical expenses and loss of earnings are seen as replacing income that would have been community property, whereas damages for personal injury and pain and suffering are compensation for the loss of a separate asset which the spouse acquired before marriage, that is, the right to personal security. *Soto.*

The husband only cites one New Mexico domestic relations case, *Richards v. Richards,* 59 N.M. 308, 283 P.2d 881 (1955). *Richards* held that, for the purposes of division of property upon dissolution of marriage, worker's compensation benefits are the separate property of the party who was injured. The basis for the holding was a matter of statutory construction of the Workmen's Compensation Act. Benefits were based on dependency regardless of marital status. *See* J. Wood, *The Community Property Law of New Mexico* § 61 (1954). *Richards* is not applicable.

The husband cites divorce cases from other jurisdictions which have adopted the payment in lieu of analysis. *See In re Marriage of Bugh,* 125 Ariz. 190, 608 P.2d 329 (1980); *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980); *In re Marriage of Kosko,* 125 Ariz. 517, 611 P.2d 104 (1980); *In re Marriage of Jones,* 13 Cal.3d 457, 119 Cal.Rptr. 108, 531 P.2d 420 (1975); *In re Marriage of Loehr,* 13 Cal.3d 465, 119 Cal. Rptr. 113, 531 P.2d 425 (1975). New Mexico has not followed this analysis in divorce cases, as is shown by *Hughes, Stroshine,* and *Luxton,* all of which were decided by the New Mexico Supreme Court subsequent to the cases cited above.

In summary, we hold that the insurance proceeds in question are community property and, therefore, the division ordered by the trial court is proper and is affirmed.

Appellant shall bear the costs of the appeal.

**IT IS SO ORDERED.**

HENDLEY and NEAL, JJ., concur.