IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40572

| | | |
|---|---|---|
| MICHELLE DUHON, | ) | 2014 Unpublished Opinion No. 340 |
| | ) | |
| Plaintiff-Counterdefendant-Respondent, | ) | Filed:  January 28, 2014 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JARED LEE OLBRICHT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Counterclaimant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Carl B. Kerrick, District Judge; Hon. Robert Caldwell, Magistrate.

Decision, on intermediate appeal, affirming magistrate's final decree of divorce, affirmed.

Ramona R. Liesche of Liesche & Reagan, P.A., Coeur d'Alene, for appellant.

Suzanna L. Graham, Coeur d'Alene, for respondent.
_____

GUTIERREZ, Chief Judge

Jared Lee Olbricht appeals from the decision of the district court affirming the magistrate's final decree of divorce.  Olbricht challenges the district court's affirmance of the magistrate's finding that the proceeds of Olbricht's medical malpractice settlement were community property.  Olbricht also contends the district court erred by affirming the magistrate's failure to award the balance of a community shareholder loan--a loan to the community business--to the community, thus entitling Olbricht to one-half of the balance of the shareholder loan.  For the reasons that follow, we affirm.

I.

FACTS AND PROCEDURE

Olbricht and Michelle Duhon married in 2007.  Just months after the marriage, Olbricht suffered an injury while skiing.  The surgery for the injury was unsuccessful and resulted in

1

severe disability. Olbricht prepared to institute a malpractice action against the treating physician, but Olbricht and the physician entered into a mediated settlement agreement that Olbricht and Duhon signed. As a result of the agreement, Olbricht received over $217,000 after the law firm's share, subrogation, and costs advanced were deducted. The check, which was in Olbricht's name, was deposited into the Olbricht-Duhon joint checking account. Sometime later, $60,000 of the funds were used to provide working capital for a newly acquired community business--a pharmacy. The $60,000 was logged on the pharmacy's corporate books as a loan from the two shareholders, Olbricht and Duhon.

In 2010, Olbricht and Duhon separated, and Duhon subsequently filed for divorce. Olbricht answered and filed a counterclaim, arguing in part that "separate funds [should] be reimbursed to him in the amount of a minimum of $207,000 as part of the property distribution herein." Following a bench trial, the magistrate issued a decision, finding the $217,000 settlement was community property and finding the pharmacy, including its liability on the community loan, had a net-zero value as a community business. The magistrate issued a final decree of divorce, making a division of the property and awarding the pharmacy, including its encumbrances, to Duhon. Olbricht moved for reconsideration, which was denied, and then made an intermediate appeal to the district court, asserting two issues for the district court's review: (1) whether the magistrate erred by finding that the proceeds of Olbricht's settlement were community property and (2) whether the magistrate erred by failing to award a community shareholder loan to the community, thus entitling Olbricht to one-half of the balance of the shareholder loan. After a hearing before the district court, the court affirmed the findings and decision of the magistrate. Olbricht now appeals to this Court.

## II.

## ANALYSIS

Olbricht presents the same issues that were before the district court for our review. Duhon seeks attorney fees under Idaho Code § 12-121. On review of a decision of the district court, rendered in its appellate capacity, we examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We do not review the decision of the magistrate, but instead affirm

or reverse the decision of the district court. *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013).

## A.     Olbricht's Settlement

Olbricht challenges the district court's affirmance of the magistrate's finding that the proceeds of Olbricht's settlement were community property. Olbricht asserts the settlement proceeds were separate property. Duhon contends Olbricht has failed to overcome the presumption that all property acquired during marriage is community property.

Olbricht presented evidence that he received a settlement relating to the failed surgery. The mediation agreement provided that the insurer for the doctor would pay a certain amount to Olbricht, that the insurer would pay all mediation costs, and that the settlement was not an admission of fault. The agreement also included a general release and a confidentiality agreement. The agreement was signed by Olbricht and Duhon. A document from the law firm that represented Olbricht states that Olbricht received a percentage of the settlement amount less subrogation and less costs advanced by the firm. The magistrate determined that Olbricht failed to establish that the funds were his separate property and, thus, found that the settlement was community property. The district court determined that the magistrate did not abuse its discretion.

Under Idaho's community property system, all property owned by a spouse before marriage is that spouse's separate property. I.C. § 32-903. In addition, all property acquired after marriage with the proceeds of the separate property is that spouse's separate property. *Id.* All other property acquired after marriage is community property, including income on separate property. I.C. § 32-906. Moreover, all property acquired during marriage is presumed to be community property. *Baruch v. Clark*, 154 Idaho 732, 737, 302 P.3d 357, 362 (2013). The spouse contending that the property acquired during marriage is separate bears the burden of proving that the property is separate with reasonable certainty and particularity. *Id.* (citing *Barton v. Barton*, 132 Idaho 394, 396, 973 P.2d 746, 748 (1999)).

A settlement related to a tort recovery for a personal injury matter is subject to the overall community property presumption. *Cf. Guy v. Guy*, 98 Idaho 205, 206, 560 P.2d 876, 877 (1977) (applying the presumption to the receipt of disability benefits). If the spouse challenging the presumption proves with reasonable certainty and particularity that the settlement, or a portion of the settlement, is payment of damages for pain and suffering of the challenging spouse, then the

3

payment or portion is the separate property of the challenging spouse. *Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 20, 539 P.2d 556, 572 (1975). A payment for emotional distress is also considered separate property. *Id.* If the settlement, or a portion of the settlement, compensates for lost earning capacity during marriage, the settlement or portion is community property. *Cook v. Cook*, 102 Idaho 651, 654, 637 P.2d 799, 802 (1981). In sum, "Where property, or the right to receive property, is acquired during marriage as compensation for some right personal to one spouse alone, that property takes its character from the right violated and is the separate property of that injured spouse." *Id.* at 653, 637 P.2d at 801.

Olbricht's settlement was property acquired during the marriage; hence, it is presumed to be community property. Olbricht bore the burden of proving with reasonable certainty and particularity that the settlement was his separate property. Olbricht did not do that below. This is not a significant burden in the situation of a tort settlement, as an accountant or attorney would surely recognize that a breakdown of the settlement would likely be needed to address the possible tax consequences.[1] The evidence proffered by Olbricht does not state what the settlement payment was for. That is, there is no indication that Olbricht was paid for pain and suffering, no statement that Olbricht was paid for emotional distress, nor wording specifying that lost earning capacity was compensated for. Ultimately, Olbricht provided no evidence or breakdown of the settlement. Accordingly, the district court did not err by affirming the magistrate's decision.

**B.      Shareholder Loan**

Olbricht next contends the district court erred by affirming the magistrate's failure to award the balance of a community shareholder loan to the community, thus entitling Olbricht to one-half of the balance of the shareholder loan. However, Olbricht's briefing before this Court primarily argues Olbricht's position on the basis that the $60,000 loan was from Olbricht's separate property. Duhon maintains that the magistrate had substantial and competent evidence available to find that the net value of the pharmacy was zero. The magistrate found that "[t]he

---

[1]      For example, all income from whatever source derived is gross income, unless it is excluded. 26 U.S.C. § 61(a). Gross income excludes damages received "on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2). The Internal Revenue Service has provided additional rules and clarification in 26 C.F.R. § 1.104-1(c). Thus, it is important for a settlement including personal injury damages to breakdown the payment to take advantage of the gross income exclusion.

4

community invested $60,000.00 into the new business as working capital," but ultimately determined that Duhon should be awarded the business, with its encumbrances and liabilities, because of the net zero value of the community business, including the business's liability on the community loan. The district court affirmed, finding there was substantial and competent evidence to support the magistrate's division of property.

Under Idaho Code § 32-712(1)(a), a court will generally make a "substantially equal division in value, considering debts, between the spouses" of community property in a divorce proceeding. "In a divorce action, a trial court must determine the value of community assets, including a community business." *Stewart v. Stewart*, 143 Idaho 673, 683, 152 P.3d 544, 554 (2007). The valuation of a community business involves the consideration of both assets and liabilities. *See Jensen v. Jensen*, 124 Idaho 162, 166, 857 P.2d 641, 645 (Ct. App. 1993) (upholding the magistrate's starting basis for determining the value of a community business that was based on consideration of assets and liabilities). In this case, Olbricht does not allege that the magistrate's division of property was not substantially equal or disparate.

It is apparent from the record that the magistrate appropriately valued the community business. *Stewart*, 143 Idaho at 683, 152 P.3d at 554. This valuation included the shareholder loan, a liability, because the valuation of a community business must take into account both assets and liabilities. *See Jensen*, 124 Idaho at 166, 857 P.2d at 645. Division of community property in a divorce action is squarely within the discretion of the trial court. *Baruch*, 154 Idaho at 736, 302 P.3d at 361. In this case, the shareholder loan did not need to be analyzed separate from the community business. Consequently, the district court did not err by affirming the magistrate's failure to award the shareholder loan to the community.

C.     **Attorney Fees**

Duhon argues she should be awarded attorney fees on appeal under Idaho Code § 12-121. An award of attorney fees may be granted under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party. Such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). We are not left with the abiding belief that the appeal has been brought frivolously, unreasonably, or without foundation. Thus, we decline to award attorney fees on appeal.

5

**III.**

**CONCLUSION**

We conclude the district court did not err by affirming the magistrate's finding that the proceeds of Olbricht's settlement were community property because Olbricht did not overcome the presumption that property acquired during marriage is community property. We also conclude the district court did not err by affirming the magistrate's failure to award the shareholder loan to the community because the magistrate included the shareholder loan in the valuation of the community business. Accordingly, the district court's decision, on intermediate appeal, affirming the magistrate's final decree of divorce is affirmed. Costs, but not attorney fees, are awarded to Duhon.

Judge LANSING and Judge GRATTON **CONCUR.**