487 P.2d 1121

**Helen K. HIATT, Plaintiff-Respondent,**

v.

**Francis E. HIATT, Sr., Defendant-Appellant.**

**No. 10785.**

Supreme Court of Idaho.

Aug. 9, 1971.

Glenn E. Bandelin, Sandpoint, for defendant-appellant.

William A. Reagan, Coeur d'Alene, for plaintiff-respondent.

SHEPARD, Justice.

This case is an appeal from a decree of divorce and the defendant-husband claims that the trial court erred in awarding the plaintiff-wife an equitable lien on the separate property of the defendant-husband.

Plaintiff-wife and defendant-husband were married in 1963, and each owned separate property prior to the marriage. The property pertinent to the question upon this appeal was the separate property of the defendant and consisted of an automobile dealership in Sandpoint, Idaho, and certain real and personal property in connection therewith. Plaintiff filed an action for divorce in 1968, and defendant answered and cross-complained. The trial court awarded a divorce to each of the parties and awarded plaintiff an equitable lien in the amount of $17,799.21 upon the automobile dealership and related property separately owned by the defendant. That amount represented one-half of the total amounts expended during the time of the marriage for improvements and payment of indebtedness on the automobile business. Those amounts were found to have been expended from community assets.

Defendant-husband appeals from that portion of the decree awarding the equitable lien and contends in brief that since the business never earned any rent or profit the trial court erred in the awarding of the equitable lien and alternatively that even if the award of the lien was proper, the amount thereof was incorrectly determined.

Almost the entire case of the defendant is based upon certain income tax returns covering the period of time of the marriage and relating to the profit or loss of the automobile dealership. Those tax returns tended to show that the business had not

made a profit during the time of the marriage, but rather had sustained losses every year. It is evident that the trial court largely ignored those tax returns as determinative of the profit or loss sustained in the business. Expert testimony revealed that the defendant-husband had maintained a most unusual bookkeeping system to reflect the conduct of the business and that it was impossible to determine, among other things, the gross sales that had been made by the business through an examination of the income tax returns. It was indicated that when the defendant would mortgage (or "floor") an automobile, thereby receiving cash, the defendant's books would record such as a sale. When a mortgage was paid, such was recorded as a purchase of an automobile. There was further ample evidence in the record upon which the trial court could have found that the business had made a profit during the years in question. Defendant's personal worth had climbed rapidly after the starting of the business without any showing that the defendant had any other source of income. There were large "draws" in cash in addition to various substantial "expense" allocations from the business.

As has been said many times by this Court, "Error will not be presumed on appeal but must be affirmatively shown on the record by the appellant." American Railway Sup. Ass'n v. Union Pac. Lodge No. 145, 92 Idaho 925, 453 P.2d 574 (1969); Gardner v. Fliegel, 92 Idaho 767, 450 P.2d 990 (1969); Supreme Court Rules, Rule 41. Defendant has failed to show on the record facts which affirmatively indicate that the award of the equitable lien on the property was error.

Defendant contends on the one hand that the business made no net profit and on the other hand contends that some $35,000.00, which was paid to decrease indebtedness and make improvements on the property, somehow came from the business. The trial court found that the expenditure of monies took place from community funds and therefore awarded one-half that amount to the wife as an equitable lien upon the property. There can be no real question in Idaho but that income derived during a period of marriage from the efforts, labor and industry of the parties constitutes community assets. In the case at bar the defendant has failed to show that the funds used to liquidate the indebtedness and make improvements upon the separate property of the defendant were either (1) not community funds, but rather his separate property, or (2) that there was an intent by the plaintiff to make a gift of the community funds to him. We are therefore bound on appeal by the finding of the trial court that the funds used to liquidate the indebtedness and make the improvements to the property were community funds and not intended as a gift.

It is our opinion that the question posed herein is controlled by Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278 (1954). Therein the court stated:

> "As a general rule, the *natural* enhancement in value of separate property during coverture does not constitute community property; however, to the extent an enhancement in value is due to community efforts, labor, industry or funds, it falls into the community. * * * As a general rule where the separate property of the husband is improved or his equity therein enhanced by community funds the community is entitled to be reimbursed from such separate estate unless such funds used for improvement or enhancement are intended as a gift. * * It would appear that the measure of the compensation generally is the increased value of the property due to the improvement; in instances where his equity therein has been increased through the application of community funds to the payment of the debt thereon the measure should be the amount by which such equity is enchanced." (Emphasis supplied)

The only question remaining becomes therefore whether the amount of the lien was correctly determined by the trial court in view of *Gapsch*. As stated in *Gapsch*, the "enhancement" or "increased value" of the property should be the measure of award and this does not appear to have been directly determined by the trial court. Rather, the trial court determined the amount of funds expended toward enhancement and used one-half of that sum as the amount of the equitable lien. Defendant, we note, has nowhere shown that the increased value of the business and related property is less than the amounts found by the trial court to have been expended from community funds. The evidence reveals that at one time during the course of the marriage the defendant placed a depreciated value on the garage building of in excess of $41,000.00, and yet in the same year in a financial statement valued the building at $74,000.00. Other evidence reveals that the defendant, after suffering business reverses, increased his net worth from very little in 1966 to over $200,000.00 in 1968. It seems undisputed that the defendant had no other source of funds other than the business and, as he testified, his business was entirely dependent upon his personal efforts. Again, defendant has failed to show that the amount of the equitable lien awarded by the trial court is not reflective of an increased value and we again state that error will not be presumed upon appeal, but must be affirmatively shown. American Railway Sup. Ass'n v. Union Pac. Lodge No. 145, supra; Gardner v. Fliegel, supra; Supreme Court Rules, Rule 41.

We have examined defendant's argument relating to the payment of certain real property taxes in the determination of the amount of the equitable lien and find the same to be without merit.

The judgment and decree is hereby affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and SPEAR, JJ., concur.