855 P.2d 473

**Vera Paulette WOOD, Plaintiff–Appellant–Cross Respondent,**

v.

**Tommy Lee WOOD, Defendant–Respondent–Cross Appellant.**

**No. 19747.**

Court of Appeals of Idaho.

June 25, 1993.

R. Brad Masingill, Weiser, for appellant.

Dale Smith, Fruitland, for respondent.

SWANSTROM, Judge.

This appeal involves questions of property distribution in a divorce action. Vera (known as "Polly") and Tommy Wood were married May 3, 1986. The parties separated on August 2, 1989, and were divorced on November 15, 1990. A trial was held before the magistrate who subsequently issued a memorandum decision. Polly first appealed to the district court which affirmed the magistrate's decision. Both parties appeal from the district court's order upholding the magistrate's decision. We affirm the magistrate's decision in part, vacate in part and remand the case for further proceedings.

Prior to their marriage, Tommy operated a sole proprietorship, Northwest Funeral Supply (NFS), selling supplies to funeral homes. It is undisputed that when the parties entered into marriage, this business was Tommy's separate property. Likewise, it is undisputed that after the parties married, the earnings and sales volume of

**14**

NFS decreased. While the parties were married, Tommy worked in a restaurant for Polly's father and worked on rebuilding the couple's home which had burned in a fire; therefore, he spent very little time working in his business. After the parties separated, however, Tommy spent more of his time and efforts working for his business.

In his memorandum decision, the magistrate found that the value of NFS had not increased during the marriage, but rather, it had decreased. Both parties' experts testified to widely differing valuations of NFS. The magistrate did not make findings regarding specific values of NFS at relevant times because he concluded that the evidence was so contradictory and unclear, it was "impossible to place an accurate value on the business." However, the magistrate did find that the value of the business had gradually declined. The magistrate also found that although Tommy had attempted to revive it, the business was worth substantially less at the time of trial, and therefore at the time of the divorce as well, than it was at the commencement of the marriage.

Based upon the finding that the value of NFS had gradually declined, the magistrate ruled that there had been no enhancement in the value of the business during the marriage. Without an enhancement or increase in the value of NFS, the magistrate ruled that the community was not entitled to any reimbursement for community funds which may have been contributed to the business during the marriage. The magistrate cited *Sherry v. Sherry*, 108 Idaho 645, 701 P.2d 265 (Ct.App.1985), *appeal after remand, Sherry v. Sherry*, 111 Idaho 185, 722 P.2d 494 (Ct.App.1986), and *Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976). The rule relied upon by the magistrate is:

> [t]he measure of the reimbursement for community expenditures on separate property is the increase in value of the property attributable thereto, not the amount or value of the community contribution.

*Suter,* 97 Idaho at 465, 546 P.2d at 1173. The magistrate reasoned that because NFS was separate property at the time of marriage, and NFS had decreased in value, the community was not entitled to reimbursement.

Upon appeal, the district court affirmed the magistrate's conclusion that the community was not entitled to reimbursement from Tommy because the value of his separate property, NFS, had not been enhanced during the marriage, but rather, it had decreased. The issues Polly raises on appeal involve the magistrate's failure to characterize all or some of NFS as community property or to rule that the community is entitled to reimbursement for community contributions to the business. The first issue Polly presents is whether the magistrate erred by failing to make specific findings in order to properly characterize NFS. Polly also raises the issue of whether the magistrate erred in concluding that NFS is separate property. Tommy raises an issue on cross-appeal which we will discuss below.

■ The district court sat as an appellate court in this case. Therefore we review the magistrate's findings independently of the district court's decision. *Josephson v. Josephson*, 115 Idaho 1142, 772 P.2d 1236 (Ct.App.1989). Further, both questions of law and fact arise when classifying property in a divorce case. *Id.* Therefore we examine the record for substantial, competent evidence to support the magistrate's findings of fact and determine whether the magistrate correctly applied the law. *Id.* A trial court must make findings of fact as required by I.R.C.P. 52(a). *See Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App.1984). We may not disregard a trial court's failure to make findings unless the answers are obvious in light of a clear record. *Id.* (citing *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982)).

■ The rule relied upon by the magistrate is clearly the law in Idaho with regard to the types of separate property at issue in the cases cited. *See Martsch v. Martsch,* 103 Idaho 142, 645 P.2d 882 (1982)

(real property); *Suter v. Suter, supra* (eighty acre farm); *Hooker v. Hooker,* 95 Idaho 518, 511 P.2d 800 (1972) (real property); *Hiatt v. Hiatt,* 94 Idaho 367, 487 P.2d 1121 (1971) (automobile dealership and related property); *Tilton v. Tilton,* 85 Idaho 245, 378 P.2d 191 (1963) (real property); *Gapsch v. Gapsch,* 76 Idaho 44, 277 P.2d 278 (1954) (automobile); *Josephson v. Josephson, supra* (real property); *Sherry v. Sherry, supra* (real property). In all of the above-cited cases the separate property at issue consisted in whole or in part of real or personal property assets which remained separate property during and after the marriage and did not change form. Another rule which bears upon the issue of the characterization of the business is that income derived from a husband's or wife's "efforts, labor and industry" during the marriage is community property. *Hiatt v. Hiatt,* 94 Idaho at 368, 487 P.2d at 1122. Furthermore the net income from a separate sole proprietorship is community property. I.C. § 32–906; *Josephson v. Josephson, supra.*

The separate property at issue in this case is a sole proprietorship which contained some inventory, cash and possibly other assets, at the commencement of the marriage. The evidence shows that none of the physical assets in existence at the commencement of the marriage remained at the time of the divorce, because they had either been sold, consumed or liquidated. Tommy testified that the inventory of goods and supplies for sale by NFS, which was on hand at the commencement of the marriage, was sold during the marriage and the proceeds, along with NFS cash, were used in part for community expenses, and may have been used to purchase new inventory. There were no findings by the magistrate based on the tracing of assets or proceeds from the commencement of the marriage to the time of divorce; the evidence was not sufficient to support such tracing.

Unlike the property involved in the cases cited above, the assets of NFS have not existed through the marriage, nor are the proceeds from any of those assets traceable through this period. All business assets remaining at the time of divorce, excluding any intangible items such as good will and the entrepreneurship attributable to Tommy, were acquired during the marriage after the original assets or their proceeds were commingled with community property, or consumed by the community.

Although the business and its assets were clearly Tommy's separate property to begin with, and he was entitled, initially, to a presumption that the business remained his separate property throughout the marriage, the bubble of this presumption was burst by the evidence showing that Tommy did not maintain the integrity of separateness. Neither did he demonstrate through tracing how the assets remaining at the time of divorce could be separate.[1] Accordingly, it must be presumed that any remaining assets are community. *Josephson v. Josephson,* 115 Idaho at 1148, 772 P.2d at 1242 (citing *Stahl v. Stahl,* 91 Idaho 794, 430 P.2d 685 (1967)).

Tommy testified that he, the proprietor, was the only "asset" of NFS still in existence since the time of marriage, and that both parties had worked in the business. Because of that testimony and because of the rule that the fruit of the labors of both spouses is community in nature, we hold that the magistrate erred in applying the corollary rule quoted above from *Suter* to determine that the community had no right of reimbursement where the value of the business suffered a decline over the term of the marriage. Like strands of a rope the separate elements of this sole proprietorship business ended during the marriage in a tangled mesh with community elements. Through this mesh there could be no tracing because new or different assets were acquired from uncertain resources, some of which are undeniably

---

1. If separate and community property have been commingled, the property is presumed to be community, and the burden is upon the party asserting it to be separate. *Martsch v. Martsch,* 103 Idaho 142, 645 P.2d 882 (1982). Where direct tracing is impossible, a party may use the indirect accounting method. *Id.*

community resources. The value of the business, at the end of the marriage, is based upon these "new" assets and upon the skills of the proprietor himself. Accordingly, we must agree with the argument urged upon the magistrate by Polly: the assets of NFS should not be characterized as separate property. The amorphus treatment of this business during marriage prompts the conclusion that the net assets of the business at the time of divorce are community property as defined by I.C. § 32–906.

In summary, we do not disturb the magistrate's general finding that the NFS business was worth less at the time of divorce than at the start of the marriage. Neither do we quarrel with the magistrate's inability to place more precise values upon the business at the beginning and end of the marriage. The magistrate was free to disregard the conflicting opinions of the experts, for the reasons he gave.

█ Nevertheless, we hold that, from the evidence in the record the magistrate may be able to find the value of particular tangible assets of the business at the time of divorce, for example, money in business accounts, inventory, accounts receivable, as well as the offsetting amount of business liabilities then existing. If so, the magistrate should make appropriate findings, and effect a division between the parties of any resulting community interest. Within his sound discretion, the magistrate may take additional evidence for this purpose and he may, in any event, request proposed findings to be submitted on this issue by both parties.

In a cross-appeal, Tommy raises an issue regarding the community property known as the River Road property. Tommy claims that the magistrate erred in giving Polly credit for interest paid on the real property and that the issue was properly raised before the district court and on further appeal. Tommy also contends that he is entitled to attorney fees before the district court and on further appeal. Polly asserts that this latter issue was not properly raised before the district court, and

therefore, he has not preserved it for our review. We agree.

The magistrate ruled in paragraph 7(D) of his memorandum decision that whoever had made payments on the River Road property would be allowed credit for the payments. Tommy filed a motion to alter or amend the judgment which is not a part of the record on appeal. In the later order on post-trial motions, the magistrate stated that because Polly had made a payment upon the River Road property, she would be allowed a credit for the interest portion of the payment, but not the principal portion.

Thereafter, Polly filed a notice of appeal identifying paragraph 7(D) of the magistrate's decision as one issue on appeal. Although there is no transcript of the argument made to the district court in the appellate record, if such argument occurred, and the parties' briefs to the district court are not part of the appellate record, Polly appealed the issue to the district court on the basis that the magistrate incorrectly limited the credit to the interest, and that he should have afforded her a credit for the principal as well.

The appellate decision of the district court concluded that the magistrate did not err in failing to award a credit for the principal; moreover, the court stated that the credit for interest should not have been awarded. The district court further stated that because the issue of the interest credit had not been raised by Tommy, the magistrate's award would not be reversed.

Notwithstanding the court's refusal to overturn the award of credit for the interest portion of the payment, Tommy moved the district court to alter or amend the judgment because the credit for interest was improper. The district court denied the motion. Upon Polly's further appeal, Tommy has cross-appealed the magistrate's credit to Polly for interest paid on the River Road property.

█ Before we can address the propriety of the interest credit, we must first decide whether the issue has been properly preserved for appeal. Generally, "an issue presented on appeal must have been prop-

erly framed and preserved in the court below." *Centers v. Yehezkely*, 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). It follows that after an intermediate appeal, issues not raised in the intermediate court will not be addressed in the higher court. *Id.*

 Tommy has not provided any brief or transcript indicating that he argued to the district court on appeal that the magistrate had improperly allowed a credit to Polly for the interest paid on the River Road property. Although it is not a part of the appellate record, Polly has included Tommy's respondent's brief before the district court as an attached exhibit to her reply brief on appeal. Tommy did not object to this attachment at oral argument, nor has his counsel attempted to augment the record with anything indicating that he had argued this issue before the district court. Therefore, although the language in the magistrate's decision from which Tommy now cross-appeals was raised on appeal by Polly, Tommy has failed to show that he argued any facts or legal authority to the district court on appeal, before the court issued its opinion, for the position he now asserts. Moreover, Tommy has not shown that he argued this position before the magistrate. Accordingly we will not review this issue. *See Intern. Business Mach. Corp. v. Lawhorn*, 106 Idaho 194, 197, 677 P.2d 507, 510 (Ct.App.1984).

We hold that the rule applied by the magistrate in characterizing the business as separate property and then refusing to reimburse the community for any contributions based on a decline in value was erroneous. Because Tommy made no attempts to preserve the separate nature of the business, to avoid using separate assets for community purposes and community assets in operating his business so that tracing was not possible, the cases applying the rule relied upon by the magistrate are distinguishable. Therefore, we remand the case for the limited purposes stated in this opinion. We hold that Tommy has failed to preserve for appeal the issue regarding credit for interest paid on the River Road property.

We award costs on appeal to Polly. I.A.R. 40. No attorney fees are awarded for this appeal.

WALTERS, C.J., and SILAK, Acting Judge, concur.