**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44893**

| | | |
|---|---|---|
| MARK NOLAN PARADIS, | ) | 2018 Unpublished Opinion No. 334 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| IDAHO TRANSPORTATION | ) | THIS IS AN UNPUBLISHED |
| DEPARTMENT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory Fitzmaurice, District Judge.

Decision of the district court, affirming an administrative order suspending a driver's license for failing blood alcohol concentration test, affirmed.

Clark & Feeney; Charles M. Stroschein, Lewiston, for appellant. Paul T. Clark argued.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent. Susan K. Servick argued.

_____

LORELLO, Judge

Mark Nolan Paradis appeals from the district court's decision upon judicial review affirming the Idaho Transportation Department's (ITD) order suspending Paradis's driver's license after failing a blood alcohol concentration test. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On June 26, 2016, at approximately midnight, an officer observed the passenger-side tires of Paradis's vehicle partially leave the paved road several times. When the vehicle left the road, the tires touched the grass on the edge of the road and kicked dirt up off the side of the road. The

1

vehicle then swerved back onto the roadway. The officer stopped Paradis for failing to maintain his lane in violation of I.C. § 49-630(1). Upon making contact with Paradis, the officer detected a strong odor of alcohol and observed Paradis's eyes to be red and glassy. Paradis admitted to drinking two beers that evening. The officer conducted three field sobriety tests, which Paradis failed. Paradis was arrested for driving under the influence and transported to the hospital for a consensual blood draw, which showed Paradis's alcohol concentration was above the legal limit. As a result, Paradis was served with a notice of administrative suspension of his driver's license.

Paradis requested a hearing with the ITD's administrative hearing examiner to contest the driver's license suspension, after which the hearing examiner sustained the suspension of Paradis's driver's license. Paradis appealed to the district court, which affirmed the hearing examiner's decision. Paradis again appeals.[1]

## II.

## STANDARD OF REVIEW

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

---

[1]     Paradis's license suspension has been stayed pending judicial review.

2

The Court shall affirm an agency decision unless the Court finds the agency's findings, inferences, conclusions, or decisions were: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3); *Thompson Creek Mining Co. v. Idaho Dep't of Water Res.*, 148 Idaho 200, 205, 220 P.3d 318, 323 (2009). The party challenging the agency decision must show that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right has been prejudiced. I.C. § 67-5279(4); *Thompson*, 148 Idaho at 205, 220 P.3d at 323.

## III.

## ANALYSIS

### A.    Legal Cause for Stop

Paradis argues the hearing examiner's finding that the arresting officer had legal cause to stop Paradis's vehicle was erroneous. More specifically, Paradis argues that the hearing examiner's finding that the officer had legal cause to stop Paradis for a violation of I.C. § 49-630(1)[2] was not supported by substantial evidence because Paradis's driving was "normal driving behavior" caused by the officer's driving and because the officer's testimony was contradicted by the testimony of Paradis and his wife.

An officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law

---

[2]    Idaho Code Section 49-630(1) provides that "upon all highways of sufficient width a vehicle shall be driven upon the right half of the roadway." "Roadway" is defined as "that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of sidewalks, shoulders, berms and rights-of-way." I.C. § 49-119(19).

enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In this case, the administrative hearing examiner found the officer had legal cause to stop Paradis based on a violation of I.C. § 49-630(1). In support of this conclusion, the hearing examiner found that Paradis's "passenger side tires partially left the paved road several times" and that the "vehicle's passenger side tires would touch the grass on the edge of the road causing dust to fly up off the side of the road and then the vehicle would swerve back onto the road." These findings were supported by substantial evidence in the form of the officer's testimony and the officer's probable cause affidavit, which was admitted as Exhibit 5.

Although Paradis testified that his driving was because the officer's headlights made it difficult for him to see and he was trying to allow the officer to pass, failure to do what is required by the statute cannot be said to fall within the normal range of driving behavior. *See Beyer v. State, Dep't of Tansp.*, 155 Idaho 40, 44, 304 P.3d 1206, 1210 (Ct. App. 2013); *cf. State v. Danney*, 153 Idaho 405, 411, 283 P.3d 722, 728 (2012) (explaining that innocent explanations for behavior do not necessarily nullify reasonable suspicion).

Paradis also contends he met his burden of proving there was no legal cause for the stop because Paradis and his wife both testified that Paradis's driving was not improper. However, it was the function of the hearing examiner to weigh the testimony of Paradis, his wife, and the officer and to determine the credibility of each. This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. Because the hearing examiner's finding of legal cause is supported by substantial evidence, we affirm.

## B. Bias of Hearing Officer

Paradis also contends that his substantial rights were prejudiced because the hearing examiner was biased, which deprived Paradis of a fair hearing. Paradis asserts the hearing examiner was biased because the hearing examiner interfered with his normal inquiry into the arresting officer's work history and failed to assist in the examination of the phlebotomist.

4

However, Paradis failed to raise this as a substantive issue in the district court.[3] Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993). Accordingly, we will not address this issue further.

**IV.**

**CONCLUSION**

There is substantial evidence in the record to support the hearing examiner's finding that there was legal cause to stop Paradis. We do not address the bias claim as Paradis failed to preserve that argument in the district court. Therefore, we affirm the district court's decision upon judicial review affirming ITD's order suspending Paradis's driver's license. Costs, but not attorney fees, are awarded on appeal to the respondent, the Idaho Transportation Department.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[3] In his issues on review, Paradis articulated a single issue on review to the district court: "Was there legal cause to stop the vehicle driven by Paradis?" The district court also recited this same issue as the sole issue on appeal. Although Paradis asked the district court to "look at the bias of" the hearing examiner in the context of the hearing examiner's decision regarding legal cause for the stop, Paradis did not raise a separate, substantive claim of bias. To the extent we are asked to consider the hearing officer's conduct at the ALS hearing in regard to the sufficiency of the evidence of legal cause, Paradis has failed to show bias or evidentiary error substantially bearing on the sufficiency of legal cause evidence.