**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51478**

| | |
|---|---|
| NAOMI RUTH PORTER, | ) |
| | ) **Filed: November 4, 2024** |
| Petitioner-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JASON RYAN SCHLENZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Danica Comstock, Magistrate.

Order of the district court, on intermediate appeal, affirming the magistrate court's domestic violence protection order, <u>affirmed</u>.

DeFriez Law; Brian DeFriez, Caldwell, for appellant.

Arkoosh Law Offices; Rachelle Lynn Smith, Boise, for respondent.

_____

GRATTON, Chief Judge

Jason Ryan Schlenz appeals from the district court's order affirming the magistrate court's entry of a domestic violence protection order. Specifically, Schlenz contends that the magistrate court erred in only allowing thirty minutes to present evidence regarding the protection order. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Schlenz and Naomi Ruth Porter were divorced in 2022. The magistrate court issued a domestic violence protection order against Schlenz which expired on April 20, 2023. Porter filed and was granted a temporary protection order against Schlenz for stalking on April 24, 2023. A hearing on the protection order was set for May 4, 2023. At the evidentiary hearing, the magistrate court advised the parties that thirty minutes would be afforded to each party and to be "mindful of your time." Communications in March 2023 involving the parties and their child were found by

1

the magistrate court to violate the communications limitations in the protection order and constituted first degree stalking. The magistrate court also found that repeated calls by Schlenz to Porter's apartment building were deemed an alarming course of conduct under the totality of the circumstances. Schlenz driving by an address listed as "Stay-Away" in the protection order and subsequent messages were found to constitute stalking in the second degree. Ultimately, the magistrate court issued a protection order against Schlenz. Schlenz appealed to the district court. The district court affirmed the magistrate court's protection order. Schlenz again appeals.

## II

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Schlenz claims the district court erred in affirming the magistrate court's protection order. Specifically, Schlenz contends that the magistrate court abused its discretion in limiting him to

2

thirty minutes to present evidence at the evidentiary hearing. Schlenz further claims that the district court erred in awarding attorney fees to Porter.

## A. Time Limitation

As an initial matter, the district court held that Schlenz had failed to raise the issue of the sufficiency of time for the evidentiary hearing in the magistrate court and that the issue was, therefore, waived. The district court noted Schlenz's argument that the magistrate court: (1) only announced the time limitation at the start of the hearing; (2) did not have authority to limit the time because Idaho Code § 18-7907 does not set a time limit for hearings; and (3) mistakenly set the time limit under Idaho Rule of Family Law Procedure 115(d) which is not applicable.[1] Schlenz acknowledged he did not bring the time issue to the attention of the magistrate court or request additional time, but claimed that no reasonable attorney would have objected, as the time limit was a forgone conclusion, and therefore the issue should be preserved.

Schlenz advances the same arguments on appeal. Schlenz acknowledges that he "did not stop to directly challenge the Magistrate as to the [time] limitations, nor did he argue with her about her efforts to 'rush' him in his presentation," and "[i]n that sense, he did not directly object to the limitations."[2] Schlenz argues that this Court should not hold that he waived his claim because the magistrate court had already informed the parties of the time limitation "and any argument to the contrary would have wasted valuable presentation time." In that regard, he claims that his decision to stay within the time limitation was completely involuntary.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Schlenz waived any claim that the magistrate court erred in setting the time limit for the evidentiary hearing. Schlenz had an

---

[1] As to Schlenz's claim that Idaho Code § 18-7907 does not provide for a time limit, the district court noted that the statute did not preclude time limits. Regarding the discretion to set time limits, the district court referred to Rule 2.1 of the Local Rules of the District Court and Magistrate Division for the Fourth Judicial District, which states that each judge shall control and set its own calendar. Schlenz acknowledges that the magistrate court had the discretion to reasonably limit trials and hearings. Further, the district court noted that there is no evidence in the record that the magistrate court mistakenly relied on Idaho Rules of Family Law Procedure 115(a) for authority for the thirty-minute time limit.

[2] Schlenz points to an objection that he made relative to certain exhibits and his concern, due to the time, in dealing with them. He contends that this preserved his issue relative to the time limitation. Neither directly nor contextually did the comments constitute an objection to the length of the hearing.

3

obligation to object or request additional time. That he acceded to the magistrate court's time limitation, even on the ill-conceived notion that an objection would be futile, does not present an excuse which would avoid the waiver and preserve the issue for appeal. Schlenz cites to no controlling authority to the contrary.

Although Schlenz claims he had other evidence to present at the evidentiary hearing, he did not so advise the magistrate court. At the close of Porter's evidence, Schlenz moved to dismiss. The magistrate court began to make findings and Schlenz reminded the court that it was a half-time motion and that he "still intend[ed] to potentially present evidence." After a discussion of remaining time, Schlenz recalled a witness. After both parties indicated they had no more questions for that witness, Schlenz stated "That's all I have, Your Honor." The magistrate court ask if there were more witnesses and Schlenz stated, "No, Your Honor." Again, Schlenz now characterizes this dialogue as simply part and parcel of the futility of attempting to put on more evidence given the time limitation. No such indication was made or would be apparent to the magistrate court. Having failed to give the magistrate court the opportunity to decide if more time than allotted was necessary, Schlenz cannot now raise the issue on appeal.[3]

## B.     Mootness

Schlenz acknowledges that the protection order will have lapsed by the time an opinion is issued from this Court. Therefore, he expressly does not seek to overturn the protection order. Schlenz agrees that the issue is moot. A matter is moot when a favorable judicial decision would not result in any relief. *Boe v. Boe*, 163 Idaho 922, 927, 422 P.3d 1128, 1133 (2018). However, Schlenz argues an exception to the mootness doctrine applies as the issue of arbitrary time limitations under I.C. § 18-7907 is one of great public interest and will forever evade judicial

---

[3]     While not listed as an issue on appeal, Schlenz argues that the magistrate court's error may be reviewed as fundamental error. He contends that the magistrate court violated his procedural due process rights and prejudiced his ability to defend himself. Schlenz argues that because the protection order issue involved claims of criminal stalking, the matter was quasi-criminal and a constitutional right was implicated. Schlenz posits authority for due process protections in criminal cases but presents no authority that the protection order hearing implicated such protections or a constitutional right. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Moreover, Schlenz did not raise the issue of fundamental error in the district court. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993). Accordingly, we will not address this issue further.

review unless addressed in an appeal as this case presents.[4]  In conjunction with his argument for a mootness exception, Schlenz invites this Court to consider the "additional" evidence he would have presented if he had been afforded more time.  Aside from claiming great importance and evasion of review, Schlenz presents no argument or authority for application of an exception to the mootness doctrine.  Schlenz's claims of error relative to the time allotted for the evidentiary hearing are moot.

## C.    Attorney Fees

Schlenz argues that he is entitled to attorney fees on appeal.  Since Schlenz is not the prevailing party on appeal, he is not entitled to attorney fees.  Next, Schlenz argues that the district court erred in awarding attorney fees to Porter pursuant to I.C. § 12-121.  An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.  An award of attorney fees is appropriate on appeal where the appeal is driven by dissatisfaction with the magistrate court's factual findings and exercise of discretion and invites the appellate court to second-guess those findings and that exercise of discretion.  *Doe v. Doe*, 149 Idaho 669, 675, 239 P.3d 774, 780 (2010).  The district court found that the record supported the magistrate court's determination and that Schlenz had failed to show an abuse of discretion relative to the time limitation.  We cannot say that the district court abused its discretion in awarding attorney fees.

Porter requests attorney fees on appeal pursuant to I.C. § 12-121.  As the district court found, Schlenz failed to preserve the issue of the time allotment for the evidentiary hearing.  Moreover, Schlenz's presentation of the time issue as a substantive issue is frivolous as it is admittedly moot.  We award attorney fees and costs on appeal to Porter.

---

[4]    The appellate courts have recognized certain exceptions to the mootness doctrine.  *See Freeman v. Idaho Dep't of Correction*, 138 Idaho 872, 71 P.3d 471 (Ct. App. 2003) (an otherwise moot issue remains justiciable if it falls within one of three recognized exceptions to the application of mootness doctrine:  first, a mootness exception applies where the challenged conduct persists in causing collateral legal consequences for the challenger; second, an exception exists where the challenged conduct is likely to evade judicial review and thus is capable of repetition; and third, an exception applies where an otherwise moot issue raises concerns of substantial public interest).

**IV.**

**CONCLUSION**

Schlenz has failed to show that the district court erred in affirming the magistrate court's entry of the protection order. Therefore, the district court's decision affirming the magistrate court's protection order is affirmed. Costs and attorney fees are awarded to Porter.

Judge HUSKEY and Judge LORELLO **CONCUR**.