**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51077**

| | |
|---|---|
| SUSAN THURSTON, LLC, | ) |
| | ) **Filed: March 14, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DONALD T. LAPPIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge. Hon. Jennifer Haemmerle, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, dismissing appeal, <u>affirmed</u>.

Donald T. Lappin, Sun Valley, pro se appellant.

Susan Thurston, LLC, Henderson, Nevada, respondent, did not participate on appeal.

_____

TRIBE, Judge

Donald T. Lappin appeals from the district court's order dismissing his intermediate appeal, which also vacated the fourteen-day stay imposed by the district court's procedural order on appeal. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Susan Thurston, LLC filed a complaint for a writ of possession for her real property to be executed against Lappin. Thurston alleged Lappin failed to pay rent for three consecutive months. Lappin filed a motion for a continuance before the trial, which the magistrate court denied. The magistrate court then entered a judgment ordering Lappin to vacate the real property. Lappin filed an appeal with the district court and secured a stay of the magistrate court's order. The district

court dismissed Lappin's appeal and vacated the stay. The magistrate court then ordered a writ of restitution for possession of the real property. Lappin again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Preliminarily, we note that Thurston has declined to participate in this appeal. Thus, this Court looks only to the briefing provided by Lappin. Lappin's brief lacks a section describing the issues on appeal as required by Idaho Appellate Rule 35(a)(4). The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Washington Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Lappin describes a broad range of issues across multiple sections in his brief, including the Nature of the Case, Statement of Facts and Course of Proceedings, Argument, and Introduction sections. The failure to adhere to I.A.R. 35 eliminates consideration of his issues on appeal.

Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993). Even if Lappin's brief complied with the relevant appellate rules, he has failed to preserve the issue for review on the merits. Lappin appears to argue that, as a result of the alleged failure of the clerk to provide notice of the denial of his motion for a continuance in the magistrate court, he was unprepared to go forward in the

2

eviction proceeding. Lappin did not raise this issue in his notice of appeal to the district court or in his brief on intermediate appeal. Thus, the issue is waived.

In addition to the failure to comply with the appellate rules, Lappin's brief lacks authority and argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). The only citation to authority in Lappin's brief references Idaho Code § 63-311 in the Statement of the Facts and Course of Proceedings section. This statute is not relevant to any of Lappin's claims. It is likely this citation is a mistake because Lappin lists I.C. § 6-311 as the only authority in his Table of Authorities. Idaho Code § 6-311 could be relevant because it outlines that, for a continuance in an action exclusively for possession of a tract of land of five acres or less, for the nonpayment of rent, court-approved security is required; but even so, Lappin's argument on this point totals three sentences, fails to explain the relevance of the statute, and fails to explain how the magistrate court erred. Because his brief lacks both argument and authority, Lappin has waived this issue.

## IV.

## CONCLUSION

Lappin's brief to this Court is procedurally deficient on multiple grounds. We therefore affirm the district court's order dismissing Lappin's appeal.

Judge HUSKEY and Judge LORELLO, **CONCUR**.