**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50257**

| | |
|---|---|
| NEPHI FISCHER, | ) |
| | ) Filed: December 29, 2023 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ELIZABETH ROUNDY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Stevan H. Thompson, District Judge. Hon. Robert L. Crowley, Magistrate.

Order of the district court, on intermediate appeal, affirming the magistrate court's judgment awarding child custody and support, affirmed.

Nephi Fischer, Idaho Falls, pro se appellant.

Beard, St. Clair, Gaffney, PA; Dan C. Dümmar Rexburg, for respondent.

_____

GRATTON, Judge

Nephi Fischer appeals from the district court's decision on intermediate appeal affirming the magistrate court's judgment awarding sole physical and legal custody to the children's mother (Elizabeth), ordering ongoing reunification counseling with Elizabeth and the children without Nephi, and requiring Nephi to pay child support in the amount of $1,663.60 per month. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Nephi and Elizabeth were never officially or legally married, but they had a spiritual marriage ceremony in 1992. They have five children in common. For nearly six years, the three youngest children were left in the custody of a third party, Josephine Nyborg, in Utah until Elizabeth returned from another state and brought the children to Idaho. Nephi then filed a paternity and custody action against Elizabeth for the three youngest children. The magistrate

1

court ordered the children to be in the sole physical custody of Nephi for one year, and ordered the children to be in the sole physical custody of Elizabeth for the following year. The magistrate court then ordered Shelly Carson to serve as a parenting time evaluator and conduct a parenting time evaluation (PTE). Additionally, Penny Rockhill was appointed to be the reunification counselor for Elizabeth and the children. After a court trial, the magistrate court found that: (1) Nephi is the biological father of the minor children; (2) it is not in the best interests of the children to award joint custody to both parties; (3) it is in the best interests of the children to award Elizabeth sole physical and legal custody; (4) the three younger children are to participate in reintegration therapy without communication or visitation from Nephi and at the direction of Rockhill; and (5) the three younger children are able to have phone visitation with paternal family members. The magistrate court also ordered Nephi to pay Elizabeth $1,663.60 per month in child support.

Nephi appealed to the district court, arguing that the magistrate court erred in awarding sole physical and legal custody of the three younger children to Elizabeth, allowing Rockhill to testify and present documents as a court-appointed expert at the court trial, ordering reunification counseling for the three youngest children without Nephi's involvement, and imputing $72,844.00 in income to Nephi and the resultant child support calculations. The district court affirmed. Nephi again appeals.

## II.
### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id.* Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently

2

with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Nephi raises several issues on appeal. As a procedural matter, Nephi claims that the district court erred in settling the transcript relative to the intermediate appeal to the district court. Next, Nephi argues that the magistrate court erred in awarding sole legal and physical custody of the children to Elizabeth. In support of this argument, Nephi contends that the magistrate court erred in relying on an unreliable and biased PTE and that the magistrate court's findings of fact are not supported by the PTE. Specifically, Nephi argues that the PTE and the magistrate court erroneously relied on improper definitions of alienation and domestic violence and improperly and insufficiently analyzed the factors in Idaho Code § 32-717.[1] Nephi also argues that the magistrate court erred in allowing Rockhill to testify and present documentary evidence, and in ordering reunification counselling without his involvement and with the current counselor, Rockhill. Finally, Nephi argues that the magistrate court erred in imputing income to Nephi in calculating child support.

## A.      Claims Raised For the First Time on Appeal

Before addressing the foregoing arguments, we first dispose of Nephi's unpreserved claims of error. Nephi argues for the first time on appeal to this Court that the magistrate court erred in denying Nephi's motions to allow the children a say in their choice of parent. Nephi further

---

[1]      Incident to these arguments, Nephi claims that the custody order is not in the best interests of the children because there is no time limit on the arrangement. This argument is redundant to the analysis of the factors in Idaho Code § 32-717 and is not supported by argument and legal authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Nephi also argues that the magistrate court's findings are unsupported because there is conflict between the testimony of Carson and Rockhill with regard to custody and reunification responsibility. Nephi had the opportunity to cross-examine these witnesses, has pointed to no material conflict in the testimonies and, moreover, this Court does not reweigh the evidence. *Plasse v. Reid*, 172 Idaho 53, 65, 529 P.3d 718, 730 (2023) ("We are an error correcting court, not a finder of facts."). Lastly, Nephi argues that the PTE was seven months old at the time of trial, but presents nothing but his own conclusion that the PTE was stale and unreliable. Again, we do not reweigh the evidence and Nephi fails to support this argument with any legal authority. We will not further consider these arguments.

explains that he moved for the children to speak directly to the judge or another third party other than Elizabeth or the parenting time evaluator. Nephi then argues that one of the children was allowed to sign his name to an extensive complaint without a court order to do so, allegedly in violation of Idaho Rules of Family Law Procedure 118(b). Nephi also argues for the first time that the magistrate court erred in what is best for the children. In his argument, Nephi alleges that the magistrate court relied solely on the report of the parenting time evaluator, Shelly Carson. Nephi specifically alleges that the best interests of the children are not being met because the children expressed their interest in an audio recording of their feelings towards Elizabeth, and hatred shown by members on the Roundy farm where Elizabeth lives towards the children and their beliefs.

These issues were not raised in the district court on intermediate appeal. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993). These issues, having been raised for the first time on appeal to this Court, will not be considered.[2]

**B.      Settled Transcript on Intermediate Appeal**

Nephi alleges that the district court erred by "allowing Elizabeth's attorney Dan Dummar to utilize trickery and technical legal maneuvering [] to get accepted as the '[S]ettled Transcript[,]'[] a document containing 157 errors and outright alterations." Nephi claims that he objected to the additional transcript requested by Elizabeth's attorney. Further, Nephi alleges that the district court denied the corrections on a technicality and settled the transcript with the altered version.

In Nephi's argument, he provides no citation to the record. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Id*. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Additionally, when issues on appeal are not supported by provisions of law, authority, or argument, they will not be considered. Idaho

---

[2]      To the extent Nephi has properly raised and supported the argument related to best interests and choice of parent to the district court in his argument regarding application of the factors in I.C. § 32-717, they will be considered in the analysis of that claim.

4

Appellate Rule 35. It is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *Bettwieser v. New York Irrig. Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013). Pro se litigants are not entitled to special consideration or leniency because they represent themselves. *Id.* Consequently, Nephi has waived this claim.

Nevertheless, the district court specifically reviewed this issue and concluded:

> Despite Mr. Fischer's claims that the transcripts included in the Clerk's Record are different or have been altered in some way by Ms. Roundy and/or her counsel, the Court Clerk pulled those transcripts for the Clerk's Record directly from the court file. Ms. Roundy has not submitted any new transcripts. The transcripts contained in the Clerk's Record are the exact same transcripts that were lodged, settled, and used in the appeal before this Court. While the transcripts may not be an accurate reflection of the audio recordings from the trial, they are the exact transcripts that Mr. Fischer's previous counsel provided to this Court to be lodged and settled during the appeal before this Court. The Court finds no basis for Mr. Fischer's objection.

Nephi has shown no error in the district court's settlement of the record on intermediate appeal.

## C. Rockhill Testimony

Nephi contends the district court erred in finding that the magistrate court did not abuse its discretion in allowing Rockhill to testify as a court-appointed expert witness at trial. Nephi alleges that there was never a written order appointing Rockhill as an expert. Nephi argues that the IRFLP does not provide for a court-appointed counselor and there are no set guidelines or rules for such. To the contrary, magistrate courts are given discretion to order services related to mental health, parent education, and resources. IRFLP 1001(a)-(c). This includes assessments and evaluation, counseling, parenting skills classes, and more. As the district court correctly concluded, the magistrate court's oral ruling was a sufficient order. Further, Nephi requested Rockhill to serve as the reunification counselor in the original order of appointment by the magistrate court.

To the extent Nephi argues that the magistrate court otherwise erred in allowing Rockhill to testify and present evidence at trial, he provides no legal authority as to why this was in error. Further, neither party moved for strict compliance with the Idaho Rules of Evidence. Therefore, pursuant to the rules, all relevant evidence was admissible. IRFLP 102(b)(1)-(2). Rockhill provided relevant reports to the magistrate court before the trial began, giving both parties notice of her findings. Rockhill's reports contained information from her interviews and observations with both parties, all the children, and third parties that are closely acquainted with the children.

5

Her testimony and findings were relevant to this matter. Because Nephi has failed to present any authority to the contrary, the magistrate court did not abuse its discretion by allowing Rockhill to testify and present evidence as a fact and expert witness.[3]

## D.    Sole Physical and Legal Custody

Nephi alleges the district court erred in finding that the magistrate court did not abuse its discretion in ordering sole physical and legal custody of the three younger children to Elizabeth. First, Nephi claims the magistrate court's findings are not supported by competent evidence as they were nearly entirely based on Carson's biased and unfounded opinions contained in the PTE. Nephi alleges the PTE shows bias against him by focusing too heavily on Elizabeth's concerns and desires while dismissing his concerns and desires. To that end, Nephi argues that Carson's bias is shown in the choice of persons interviewed for the PTE who themselves are biased and with whom he personally has issues. Second, Nephi argues the magistrate court improperly relied on Carson's concerns about alienating conduct by Nephi and his support system. Specifically, he asserts that Carson and the magistrate court considered passive alienating conduct to be sufficient when the law requires active alienation or a pattern of such conduct. Third, Nephi claims the magistrate court relied on an overbroad definition of domestic violence used in the PTE. Finally, Nephi contends that the magistrate court erred in analyzing the best interest factors in I.C. § 32-717. We will address each claim in turn.

### 1.    Bias

Nephi argues that Carson's PTE "shows extreme bias and near fanatical reliance on the statements of Elizabeth against Nephi" and that "the PTE is replete with allegations against Nephi and all inferences are made contrary to his interests." Carson was appointed to be the parenting time evaluator for the purpose of providing the magistrate court "with information it may consider to make decisions regarding custody and parenting time arrangements that are in the child[ren]'s bests interests." IRFLP 1004(a). A parenting time evaluator "perform[s] a judicial function when conducting an evaluation." IRFLP 1004(j). During the court trial, Carson testified about her

---

[3]    Nephi claims that Rockhill was only disclosed as a fact witness and that there was no expert witness disclosure. First, he fails to cite to anything in the record to support the claim. Second, her expertise was the basis of her appointment. Third, Nephi did not argue for a sanction under the rules for any untimely or inadequate disclosure. This claim is without merit.

6

qualifications and experience as a parenting time evaluator. Carson prepared a comprehensive 53-page report and testified accordingly.

Nephi's claims that the magistrate court's findings are unsupported due to reliance on a biased PTE are without merit. Nephi has shown no bias or unsupportable conclusions in the PTE, but only his personal disagreement with those findings and conclusions. While Nephi asserts that the people interviewed for the PTE are the source of Carson's alleged bias and what influenced her decision, as the district court noted:

> The Court does not find Nephi's arguments that Carson was obligated to interview the same number of collateral sources for each party and ask each party the exact same questions to be persuasive. Such variation in conducting her investigation, which she has the discretion to do, is not per se bias as Nephi argues.

Nephi fails to show that the information relayed to Carson was incorrect or that she did not properly conduct her evaluation. Nephi's disagreement does not show bias.

Moreover, rather than basing its order entirely on the PTE, the magistrate court made findings based on the PTE, testimony from Elizabeth, Nephi, Carson, Rockhill, and the children's school counselor, as well as direct observations. This Court's review of the magistrate court's findings in light of the PTE does not show that the magistrate court "fanatically" relied on the PTE or anything of the sort. A trier of fact is not bound to interpret evidence in the same way as its proponent would like. An adverse ruling, on its own, is insufficient evidence of bias. *Plasse v. Reid*, 172 Idaho 53, 65, 529 P.3d 718, 730 (2023). Nephi has failed to show that the magistrate court's findings are not supported by substantial and competent evidence in the record.

### 2. Alienation

Nephi argues that because he was, at worst, passively rather than actively alienating the relationship between the children and Elizabeth, his actions do not rise to the level of alienation. The acts and conduct of the custodial parent resulting in the alienation of the love and affection which children naturally have for the other parent is a vital and very serious detriment to the welfare of such children and is grounds for modification of the decree with respect to custody. *Kelly v. Kelly*, 165 Idaho 716, 728, 451 P.3d 429, 441 (2019). For the magistrate court to consider actions as alienating behavior, Nephi argues he must have exhibited a "pattern of conduct designed to drive a wedge between the children and the other spouse." Nephi argues that *Doe v. Doe*, 161 Idaho 67, 76, 383 P.3d 1237, 1246 (2016) holds passivity is insufficient for a finding of alienation. Nephi is incorrect. The Idaho Supreme Court held in *Doe* that a mother texting with her children

negatively about their father, moving thirty minutes away, and having a conversation with the older children about the details of the ongoing family court proceeding, was not enough to find the mother engaged in a "systematic effort to alienate the children from Father or to shake the foundation of the children's love and affection for their Father." *Id*. at 77, 383 P.3d at 1247. The behavior by Nephi that the magistrate court considered in this case differs greatly from the mother's behavior in *Doe*. Nephi's alienating conduct, as described by the magistrate court went beyond passivity:

> The court has found, however, that Nephi has done very little to facilitate Elizabeth's visitation and association with the three youngest children when he had the opportunity to do so. He has, in fact, by his conduct, or lack thereof (passivity as the parenting time evaluator referred to it) contributed to the lack of attachment by the three youngest children with Elizabeth. He has failed to support Elizabeth in correction of the three youngest children when they have destroyed her property, when they have called her inappropriate names and when they have treated her inappropriately physically. Nephi has said derogatory things to the three youngest children about Elizabeth.

The magistrate court noted its great concern as to Nephi's reaction to the children vandalizing Elizabeth's car. The magistrate court referenced a recounting of the incident in the PTE:

> Father was informed of the destructive behavior of the children. In an audio conversation provided by Mother in which she has asked Father to look at the vandalism caused to her car by the children, Father can be heard saying how it was, "a work of art," and made a couple of sounds of "awe" while looking at Mother's car.

As correctly noted by the district court, it is not proper for an appellate court to second-guess a finding of the trial court just because there is conflicting evidence. The evidence in the record supports a determination by the magistrate court that Nephi exhibited a pattern of conduct constituting alienating behavior.

### 3. Domestic Violence

Domestic violence is one of the factors for determining child custody in I.C. § 32-717. Nephi argues that because Carson addressed domestic violence "in a broader context than the statutory definition," the magistrate court erred in relying on the PTE. However, the magistrate court did not rely on any broader definition that may have been in the PTE. Although the magistrate court noted that the PTE included analysis of a definition of domestic violence that was broader than the statutory definition, the magistrate court did not make any findings or conclusions

8

adopting the broader definition. As noted by the district court, "There is no argument from [Nephi] that the magistrate court even considered domestic violence as part of its analysis." Nephi has failed to show error regarding the magistrate court's consideration of domestic violence as a factor under I.C. § 32-717.

### 4. Idaho Code § 32-717

Finally, Nephi contends that the magistrate court failed to properly analyze the factors in I.C. § 32-717 for determining the best interests of the children. Idaho appellate courts review a magistrate court's findings and conclusions governing child custody under an abuse of discretion standard. *Poesy v. Bunney*, 98 Idaho 258, 261, 561 P.2d 400, 403 (1977). Likewise, the standard of review on an appeal from a child support award is whether the court abused its discretion. *Atkinson v. Atkinson*, 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct. App. 1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

A trial court has great discretion to weigh the strength and the credibility of evidence to make factual findings. *Voss v. Voss*, 169 Idaho 518, 527, 497 P.3d 1138, 1147 (Ct. App. 2021). On appeal, the court liberally construes the trial court's credibility findings because the trial court's province is to determine the witnesses' credibility, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Id*. The appellate court will not substitute its judgment for that of the trial court except in cases where the record reflects a clear abuse of discretion. *Woods v. Woods*, 163 Idaho 904, 906, 422 P.3d 1110, 1112 (2018).

In support of his claim that the magistrate court erred in its I.C. § 32-717 analysis, Nephi essentially disputes the findings by merely pointing to his version of the facts and how they should be applied. Nephi misunderstands our role on appeal. The Idaho Supreme Court recently explained:

> We heard and understood Reid's frustrations with the outcome of these proceedings before the magistrate court, and, certainly, a fundamental tenet of our judicial system is the right to appeal adverse rulings. However, we rejected his arguments because they were unsubstantiated or if substantiated, immaterial in the scheme of things. The lack of support for Reid's arguments appears to be rooted in his misunderstanding of the legal process. Throughout this litigation, Reid has

> attempted to have different courts reconsider evidence until they side with him. However, the appeals process exists to correct errors made below, not to give parties a second attempt to have their arguments considered by an additional trier of fact. We are an error correcting court, not a finder of facts.

*Plasse*, 172 Idaho at 65, 529 P.3d at 730. Nephi's claims are not grounded in a failure of evidence to support the magistrate court's findings, but are a re-argument of why his position should have been adopted by the magistrate court.

The magistrate court acknowledged that this case was difficult and noted that Carson deemed it to be a moderate to severe case. In recognition of this, the magistrate court devoted ten pages of analysis of the I.C. § 32-717 factors. The magistrate court weighed all relevant factors, did not overemphasize any individual factors, and ultimately determined what is in the best interests of the children. As required by I.C. § 32-717, the magistrate court considered (a) the wishes of the parents; (b) the wishes of the children; (c) the interaction and interrelationship of the children with the parents and siblings; (d) adjustment of the children to the home, school and community; (e) character of the individuals involved; (f) the need to promote continuity and stability in the lives of the children; and, (g) domestic violence (as noted above).[4] In addition, the magistrate court considered that the parents have had varying degrees of custody orders, all of which have been unsuccessful. It also considered the difficulty the parents have in communicating with each other, the different desires the parents have for educating the children, the difficult visitation arrangements, long periods of absence from the children, and the inability of the parents to settle disagreements. These factors led to the determination of what is in the best interests of the children, and the magistrate court concluded that sole legal and physical custody with Elizabeth is in their best interests. Nephi has failed to show the magistrate court abused its discretion in awarding sole physical and legal custody to Elizabeth.

E.     **Reunification Counseling Without Nephi**

Nephi alleges the district court erred in finding that the magistrate court did not abuse its discretion in ordering reunification counseling between the three youngest children and Elizabeth without Nephi's involvement. Nephi again provides no authority for this claim. However, the

---

[4]     Nephi has suggested that the magistrate court failed to address the character of the individuals involved. However, we agree with the district court that, while stylistically the magistrate court did not go through the factors in order, "the character and circumstances of those involved in this case was one of the factors given the most consideration by the magistrate court."

record shows that the magistrate court heavily considered the best interests of the children when ordering reunification without Nephi. The magistrate court found that the "alienating narrative and coaching of the children by [Nephi] and his support system" would hinder reunification efforts between Elizabeth and the children. The court further explained that it was aware of and concerned with how much time Nephi would be kept from the children. While balancing these concerns, the court found that reunification counseling without Nephi is in the children's best interests to reunify with their mother. The magistrate court noted that this would be best for the time being and would be subject to frequent monitoring by the court. Consequently, Nephi has the ability to demonstrate to the magistrate court a change in circumstances sufficient to modify the custody order.

As to Nephi's arguments that the IRFLP does not allow for a court ordered reunification counselor; that Rockhill was not following Carson's recommendation in the PTE; and that the appointment and reliance upon the unfettered discretion placed in Rockhill is "beyond the discretion of the Magistrate Court," we have rejected those arguments as set forth above. Nephi provides no other argument or legal authority for his claim. As the district court acknowledged, the custody order is reasonable due to the unique circumstances of this case. Nephi has not shown that the magistrate court erred in ordering reunification therapy without Nephi's involvement.

**F.    Child Support**

Nephi alleges the district court erred in finding that the magistrate court did not abuse its discretion in imputing income to Nephi and the related amount of child support calculated for him to pay Elizabeth. Nephi again fails to provide any legal authority as to how the magistrate court committed reversible error. Nephi alleges that the court did not follow Idaho Guideline 126 and 120, presumably referencing the Idaho Child Support Guidelines. This citation is inadequate and Nephi cites no provision of those guidelines that are applicable to this issue or how they support his claim. Therefore, this issue is also waived; however, this Court will briefly address its merits.

When determining child support amounts, the magistrate court took note of the exhibits presented at trial, the testimony of the parties, and Nephi's affidavit. Nephi's affidavit verifying his income in accordance with IRFLP 401 stated his annual income at $74,844, which the magistrate court adopted. At trial, though, Nephi testified that he was "just guessing" but that his income for the next year could be between "40 and 65,000 a year." However, he also testified that he works by the hour, his last employer was willing to pay him $40 per hour, he has extensive training and education, and he was then working as a private contractor. As noted by the

11

magistrate court, $40 per hour would translate into $83,200, yet the magistrate court adopted the lower amount of $72,844 that Nephi attested to in his income verification affidavit. On intermediate appeal, the district court correctly determined that the magistrate court was well-within its discretion to disregard an estimated number in favor of the specific amounts Nephi provided, particularly since the trial court was giving due consideration to the changing circumstances of Nephi's employment by not using the $40 per hour that Nephi claimed he was making at the time of trial. Nephi has failed to establish error by the district court in its decision affirming the magistrate court's imputation of income to Nephi and the related child support award.

## G.     Attorney Fees

Nephi requests attorney fees and costs on appeal. Because Nephi is not represented by counsel on appeal, an award of attorney fees would be without legal or factual support. Moreover, in order to recover attorney fees, a party must first prevail on the merits. *Weaver v. Weaver*, 170 Idaho 72, 79, 507 P.3d 1102, 1109 (2022). Nephi is not the prevailing party.

Elizabeth requests attorney fees and costs on appeal. Elizabeth seeks attorney fees pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. In *Plasse*, the Idaho Supreme Court held:

> [I]t is clear from the record that Reid appealed the magistrate court's amended judgment and decree "frivolously[.]" I.C. § 12-121. This Court has previously held that where the non-prevailing party "continued to rely on the same arguments used in front of the [] court, without providing any additional persuasive law or bringing into doubt the existing law on which the [] court based its decision[,]" an award of attorney fees under section 12-121 is warranted.

*Plasse*, 172 Idaho at 65, 529 P.3d at 730 (quoting *Thornton v. Pandrea*, 161 Idaho 301, 320, 385 P.3d 856, 876 (2016)).

We conclude that Elizabeth is the prevailing party and is entitled to an award of attorney fees pursuant to I.C. § 12-121. In large measure, Nephi's appeal is unsupported by argument or legal authority. He repeatedly asks this Court to reweigh the evidence in a light more favorable to his position, which is outside the scope of appellate court review. No procedural or substantive error by the magistrate court or the district court in affirming the magistrate court has been shown. Nephi's repeated claims of bias are without basis. We award attorney fees and costs to Elizabeth.

## IV.

## CONCLUSION

The district court did not err in affirming the magistrate court's judgment awarding sole legal and physical custody to Elizabeth. Nephi has shown no error in the admission of Rockhill's testimony, in ordering reunification counseling without Nephi's involvement, or in imputing income to Nephi in determining child support. Therefore, the decision of the district court, on intermediate appeal, affirming the judgment of the magistrate court is affirmed. Attorney fees and costs are awarded to Elizabeth.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.